AC-2001-51                                              1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Cooperativa de Seguros Múltiples<br><br>    Apelado<br><br>               v.<br><br> Estado Libre Asociado de Puerto Rico<br><br>    Apelante | Certiorari<br><br>2003 TSPR 40<br><br>158 DPR _____ |

Número del Caso: AC-2001-51


Fecha: 20 de marzo de 2003


Tribunal de Circuito de Apelaciones:
                         Circuito Regional II


Panel integrado por su Presidente, Juez Arbona Lago y los Jueces
Urgell Cuebas y Aponte Hernández


Oficina del Procurador General:
                    Lcda. Wanda I. Simons García
                    Procuradora General Auxiliar


Abogado de la Parte Apelada:
                    Lcdo. Ángel R. Collazo Matos


Materia: Impugnación de Confiscación

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

Cooperativa de Seguros
Múltiples

    Apelado

        v.                                     AC-2001-51

Estado Libre Asociado de
Puerto Rico

    Apelante

Opinión del Tribunal emitida por la Jueza Asociada señora
Naveira de Rodón

San Juan, Puerto Rico a 20 de marzo de 2003

El asunto ante nos está enmarcado dentro del Plan de Reorganización de la Rama Judicial Núm. 1 de 28 de julio de 1994, conocido como la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22 <u>et seq</u>.(en adelante Ley de la Judicatura). En virtud de sus disposiciones, armonizadas éstas con las de la Ley Núm. 93 de 13 de julio de 1988, conocida como la Ley Uniforme de Confiscaciones de 1988, según enmendada; 34 L.P.R.A. sec. 1723 <u>et seq</u>. (en adelante Ley de Confiscaciones) debemos establecer cuál es el vehículo procesal adecuado para recurrir ante el

**Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) de una sentencia emitida por el Tribunal de Primera Instancia en una acción de impugnación de confiscación.**

A continuación haremos una breve reseña de los hechos que dieron lugar al presente recurso.

I

El 3 de marzo de 2000, agentes de la Policía de Puerto Rico ocuparon un vehículo de motor, conducido por el Sr. Antonio Vázquez Sánchez, marca Mitsubishi, color negro, modelo Eclipse, año 1999, tablilla Núm. DQK-635, por alegadamente haber sido utilizado para cometer una violación al Art. 404 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2404.

**Mediante carta de 10 de marzo de 2000, el Departamento de Justicia, a través de su Junta de Confiscaciones, le notificó al Scotiabank de Puerto Rico (en adelante Scotiabank), acreedor condicional del auto, y a la titular registral de éste, la Sra. Rosa N. Rivera Rodríguez, que había procedido a confiscar el referido vehículo en virtud de las disposiciones de Ley de Confiscaciones.[1] El 20 de marzo de 2000, el Scotiabank y la Cooperativa de Seguros Múltiples de Puerto Rico (en adelante Cooperativa), compañía aseguradora que expidió una póliza sobre el auto**

---

[1] **El vehículo aparece registrado a nombre de Rosa N. Rivera Rodríguez en la División de Vehículos de Motor del**

confiscado que incluye el riesgo de confiscación, presentaron ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, una acción impugnando la confiscación del vehículo. La acción se basó en que la determinación de no causa para el arresto a favor del conductor del vehículo confiscado, señor Vázquez Sánchez, advino final y firme, por ende, no procedía la confiscación.

El 15 de febrero de 2001, el tribunal de instancia emitió sentencia mediante la cual acogió el planteamiento de la parte demandante y declaró con lugar la demanda sobre impugnación de confiscación. Ordenó al Estado Libre Asociado de Puerto Rico (ELA) devolver el vehículo de motor confiscado. Copia de la notificación de la sentencia fue archivada en autos el 28 de marzo de 2001.

Así las cosas, el 29 de mayo de 2001, dentro del término de sesenta (60) días, el Procurador General presentó un recurso de apelación ante el Tribunal de Circuito.[2] Dicho tribunal, mediante Resolución de 31 de agosto de 2001, determinó que el recurso apropiado para revisar las sentencias del Tribunal de Primera Instancia en casos sobre impugnación de confiscaciones es el de *certiorari*, a ser presentado dentro del término de estricto cumplimiento de treinta (30) días, y no el de apelación. En consecuencia, desestimó el recurso por haber sido presentado tardíamente. Copia de la

_____

Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico y fue tasado en $11,800.00.

[2] El 27 de mayo fue domingo y el lunes 28 fue día feriado. Por lo tanto, el plazo se extendió hasta el

resolución fue archivada en autos el 10 de septiembre de 2001.

Inconforme, el Procurador General acude ante nos planteando el siguiente error:

> Erró el Tribunal de Circuito de Apelaciones al concluir que el Certiorari al amparo del Artículo 4.002(i) de la Ley de la Judicatura de 1994, es el vehículo procesal mediante el cual corresponde revisar una sentencia emitida por el Tribunal de Primera Instancia en una acción civil de impugnación de confiscación y, en consecuencia, declararse sin jurisdicción para considerar la apelación presentada por la compareciente en el caso de epígrafe.

## II

El Tribunal de Circuito entiende que por tratarse la acción de una de impugnación de confiscación, el trámite de revisión que rige es el establecido específicamente en la ley especial y, por ende, el recurso adecuado para revisar la sentencia del Tribunal de Primera de Instancia que recaiga sobre la impugnación de una confiscación, es el certiorari del Art. 4.002(i) de la Ley de la Judicatura, 4 L.P.R.A. sec. 22k(i).

El Procurador General, por su parte, sostiene que las decisiones del Tribunal de Primera Instancia emitidas al amparo de la Ley de Confiscaciones son "sentencias" por disponer en los méritos y de forma final de la totalidad del litigio entre las partes, quedando pendiente únicamente la ejecución de la sentencia. Así pues, entiende, que es el recurso de apelación dispuesto

---

próximo día laborable, 29 de mayo. Regla 68.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

por el Art. 4.002(a) de la Ley de la Judicatura, según enmendada, 4 L.P.R.A. sec. 22k(a), el apropiado para que el Tribunal de Circuito revise la sentencia dictada en casos originados en el Tribunal de Primera Instancia sobre impugnación de confiscación.

Antes de comenzar a examinar el asunto planteado, discutiremos brevemente los preceptos generales que gobiernan la Ley de Confiscaciones.

## III

La confiscación es el acto de ocupación y de investirse para sí, que realiza el Estado por mandato legislativo y actuación del ejecutivo, de todo derecho de propiedad sobre cualesquiera bienes, que hayan sido utilizados en relación con la comisión de delitos. Art. 2 de la Ley Uniforme de Confiscaciones, supra, 34 L.P.R.A. sec. 1723. Véase, además, Del Toro Lugo v. E.L.A., 136 D.P.R. 973, 980 (1994). Es una medida encaminada a disuadir al delincuente, que ante el riesgo de perder su propiedad, pueda quedar persuadido de limitar su actividad delictiva o no le resulta tan fácil su realización. Exposición de Motivos de la Ley de Confiscaciones, supra, 1988, Leyes de Puerto Rico, pág. 409.

En nuestra jurisdicción, la confiscación de bienes utilizados en la comisión de delitos, es una acción civil de naturaleza in rem que va dirigida sólo contra la cosa

que se alega fue utilizada en la comisión del delito. Del Toro Lugo v. E.L.A., 136 D.P.R. 973, 987 (1994); General Accident Ins. Co. v. E.L.A., 137 D.P.R. 466, 471 (1994). La acción de confiscación se considera una independiente a la acción penal que motivó la misma. Art. 2(C) de la Ley de Confiscaciones, supra, 34 L.P.R.A. sec. 1723(c). Sobre el particular, el Art. 2(c) dispone que "[e]l resultado favorable al acusado o imputado en cualquiera de las etapas de la acción criminal no será impedimento para, ni tendrá efecto de cosa juzgada sobre, la acción civil de confiscación, aunque ésta se base en los hechos imputados en la acción penal."

Respecto al procedimiento de confiscación, la Ley dispone, en lo aquí pertinente, que corresponde a los funcionarios del Estado que realizan la confiscación notificar de la misma a las personas con interés o derecho sobre la propiedad ocupada y realizar el inventario o tasación de los bienes. Art. 3, de la Ley de Confiscaciones, supra, 34 L.P.R.A. sec. 1723a. Dentro del término dispuesto por ley, las personas notificadas de la confiscación podrán cuestionar la procedencia o legalidad de la misma mediante la presentación ante el Tribunal de Primera Instancia, Sala Superior, de una demanda contra el Estado Libre Asociado de Puerto Rico. Art. 8 de la Ley de Confiscaciones, supra, 34 L.P.R.A. sec. 1723f. El Art. 8 de la citada ley expresamente dispone que "[l]as cuestiones que se susciten [en una acción de impugnación de confiscación] deberán resolverse

y los demás procedimientos tramitarse según lo dispuesto en las Reglas de Procedimiento Civil... ." **(Énfasis suplido.)** **Id.** **Es decir, de la misma manera que si se tratase de una acción civil ordinaria.**

**La ley provee además para que la parte que impugna la confiscación preste una garantía a favor del Estado por el importe de la propiedad ocupada. Aprobada dicha garantía, el tribunal ordenará la devolución de la propiedad ocupada. Art. 10 de la Ley de Confiscaciones, 34 L.P.R.A. sec. 1723h. Si la parte reclamante no está conforme con el valor de tasación del bien ocupado, podrá cuestionar dicha tasación ante el Tribunal de Primera Instancia como un incidente dentro de la acción de impugnación de confiscación. La Ley dispone que le corresponde al foro de instancia determinar** "la razonabilidad de la tasación como un incidente del pleito de impugnación. La sentencia que recaiga sobre dicha impugnación podrá ser revisada mediante el recurso de *certiorari* ante el Tribunal Supremo, limitado a cuestiones de derecho." **Art. 11 de la Ley de Confiscaciones, supra, 34 L.P.R.A. sec. 1723i.**

**Esta última disposición es, precisamente, el eje central de la controversia en el caso de autos, ya que en su interpretación fue que el Tribunal de Circuito basó su determinación.**

IV

El Art. 11 actual data de 1989 cuando la Ley Núm. 93, <u>supra</u>, fue enmendada por la Ley Núm. 55 de 16 de agosto de 1989, con el propósito de unificar los Arts. 11 y 12 de la Ley Núm. 93 de 13 de julio de 1988 que disponían lo siguiente:

Artículo 11.

En caso de impugnación judicial de la confiscación el tribunal, a petición del demandante y previa audiencia de las partes, determinará la razonabilidad de la tasación como un incidente del pleito de impugnación.

Artículo 12.

La sentencia podrá ser revisada mediante el recurso de *certiorari* ante el Tribunal Supremo, limitado a cuestiones de derecho.

Como se podrá observar, al consolidarse ambas disposiciones, el texto del estatuto sufrió unos cambios aparentemente mínimos, pero que resultan significativos en cuanto a la interpretación de la nueva disposición. Al vocablo "sentencia..." que figuraba en el Art. 12 de la Ley Núm. 93, se le añadió la frase "*que recaiga sobre dicha impugnación*".

Amparado en las disposiciones antes citadas, el Procurador General sostiene que el Art. 11, <u>supra</u>, trata exclusivamente de la tasación de los bienes confiscados y aplica en aquellos casos en los que se está cuestionando la determinación de la razonabilidad de la tasación del bien confiscado. Por lo tanto, entiende que el recurso de *certiorari* establecido por el legislador en dicho Artículo es exclusivamente para revisar las resoluciones sobre la tasación y no para revisar la sentencia final

mediante la cual se adjudiquen los méritos de la impugnación de confiscación.

Un análisis del texto del Art. 11 de la Ley Núm. 55, supra, apoya la conclusión del Procurador General de que la "sentencia" que podía ser revisada ante el Tribunal Supremo "mediante el recurso de *certiorari*", se refiere a la determinación sobre la razonabilidad de la tasación, emitida como un incidente del pleito de impugnación.

De otra parte, el Tribunal de Circuito, amparado igualmente en las disposiciones del Art. 11, citó en apoyo de su decisión a Coop. Seguros Múltiples v. Srio. de Hacienda, 118 D.P.R. 115 (1986). Este caso, sin embargo, fue resuelto cuando aún estaba vigente la Ley Núm. 39 de 4 de junio de 1960, Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones de 1960.[3] Dicha ley disponía claramente que contra la sentencia que recayese en el pleito de impugnación de confiscación "no habrá otro recurso que el certiorari para el Tribunal Supremo, limitado a cuestiones de derecho." Art. 2(a) de la Ley Núm. 39 de 1960, 34 L.P.R.A. sec. 1722(a). Inicialmente, la Ley Uniforme de Confiscaciones de 1988 mantuvo esta disposición, la cual fue posteriormente eliminada por la Ley Núm. 55 de 16 de agosto de 1989. En Coop. De Seguros Múltiples v. Secretario de Hacienda, supra, se cita el Art. 2(a) de la

---

[3] Dicha ley fue derogada por la Ley Núm. 93 de 13 de julio de 1988, según enmendada, conocida como la Ley Uniforme de Confiscaciones de 1988, 34 L.P.R.A. sec. 1723 et seq., ley que hoy nos ocupa.

**Ley de Confiscaciones de 1960**, que como señalamos, fue eliminado.

Lo antes expuesto refleja que de la **Ley Uniforme de Confiscaciones vigente**, se eliminó lo referente a que el recurso disponible para revisar una <u>sentencia de impugnación de confiscación</u> a nivel apelativo es el de certiorari.[4]

V

Recientemente en <u>**Román et al.**</u> v. <u>**Kmart Corp. et al.**</u>, Op. de 30 de junio de 2000, 151 D.P.R. ___ (2000), 2000 JTS 123, a la pág. 1537, señalamos que:

> [L]as "sentencias" constituyen determinaciones de un tribunal que resuelven finalmente una cuestión litigiosa y, por tanto, son apelables. Es decir, éstas ponen fin a una controversia entre las partes mediante su adjudicación final.
> De otra parte, la "resoluciones" sólo ponen fin a incidentes acontecidos dentro de un proceso judicial. Así pues, si un tribunal emite un dictamen y lo titula resolución, a pesar de que éste verdaderamente pone fin a una controversia

---

[4] En <u>Del Toro Lugo</u> v. <u>E. L. A.</u>, 136 D.P.R. 973 (1994), se consolidaron dos recursos de revisión (RE-86-313 y RE-86-326), de dos sentencias del tribunal de instancia, mediante las cuales se habían declarado sin lugar ciertas demandas de impugnación de confiscación. Las acciones de confiscación y los recursos apelativos correspondientes fueron tramitados antes de la Ley Uniforme de Confiscaciones de 1988. Cuando se resolvió el caso, el 12 de agosto de 1994, ya estaba en vigor la ley actual y de hecho, el Tribunal se refirió en varias ocasiones a dicho estatuto. Antes de la aprobación de la Ley de la Judicatura de 1994, la petición de revisión era el recurso adecuado para revisar ante el Tribunal Supremo la mayor parte de las sentencias finales del Tribunal Superior en casos civiles originados en dicho Tribunal. La apelación estaba disponible para cuando se planteara una cuestión constitucional sustancial.

entre la partes, el mismo constituye una sentencia de la cual puede apelarse. **(Énfasis nuestro y citas omitidas.)**

Así pues, siendo la acción de impugnación de confiscación una civil ordinaria, el dictamen mediante el cual el foro de instancia se expresa sobre la legalidad o procedencia de la confiscación impugnada pone fin a la totalidad de la controversia entre las partes y, constituye, por tanto, una sentencia apelable. A este respecto es menester hacer referencia a que mediante el Plan de Reorganización Núm. 1 de la Rama Judicial de 1994, supra, se creó el Tribunal de Circuito como un tribunal intermedio entre el Tribunal Supremo y el Tribunal de Primera Instancia. Art. 4.001 de la Ley de la Judicatura, 4 L.P.R.A. sec. 22j. Al foro apelativo intermedio se le concedió competencia para atender en recursos de apelación, certiorari y revisión, según fuera el caso, relacionados con controversias presentadas en el tribunal de primera instancia o en los diversos organismos administrativos. Art. 4.002 de la Ley de la Judicatura, 4 L.P.R.A. sec. 22k. Véase, además, Pérez Ex parte v. Depto. de la Familia, 147 D.P.R. 556, 569 (1999).

En lo que respecta a la controversia que nos ocupa, el Art. 4.002 de la Ley de la Judicatura, según enmendada, 4 L.P.R.A. sec. 22k(i), establece que el Tribunal de Circuito conocerá...:

(a)    Mediante recurso de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia... .

Al aprobarse la Ley de la Judicatura de 1994, se estableció un nuevo esquema y estado de derecho procesal, bajo el cual todas las sentencias finales dictadas por el Tribunal de Primera Instancia en casos originados en dicho tribunal, habrían de revisarse mediante recurso de apelación. La intención del legislador al crear este derecho de apelación fue concederles a los ciudadanos un derecho a que en casos civiles y criminales, las sentencias dictadas por un solo juez pudiesen ser revisadas por un panel colegiado de tres (3) jueces. Véase Exposición de Motivos de la Ley Núm. 249 de 25 de diciembre de 1995.

Con relación al término para recurrir en apelación, en lo pertinente, la Regla 13(A) del Reglamento del Tribunal de Circuito, 4 L.P.R.A. Ap. XXII-A, dispone:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia,... se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia. **En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública, o en que los Municipios de Puerto Rico sean parte en un pleito, el recuso de apelación se formalizarán, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta (60) días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado**. (Énfasis nuestro.) Véase, además, Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

En el caso ante nos, el Tribunal de Primera Instancia, Sala Superior de Bayamón, mediante sentencia emitida el 15 de febrero de 2001 y notificada el 28 de marzo del mismo año, declaró con lugar la acción de impugnación de confiscación y ordenó la devolución del vehículo ocupado.

El tribunal basó su decisión en que se había determinado no causa para el arresto del conductor del vehículo confiscado y que ésta había advenido final y firme, por lo que no procedía la confiscación. Nada se cuestionó ni se resolvió sobre la tasación del vehículo confiscado. Como se podrá observar, el dictamen adjudicó la totalidad de las controversias existentes entre las partes. Constituye, por tanto, una sentencia final con respecto a la cual las partes tienen derecho a apelar ante el Tribunal de Circuito dentro del término jurisdiccional de sesenta (60) días.[5] El recurso de apelación fue presentado oportunamente el 29 de mayo de 2001. En consecuencia, el Tribunal de Circuito sí tenía jurisdicción para entender en el recurso.

No obstante, el Tribunal de Circuito resolvió que el vehículo procesal apropiado para revisar una sentencia emitida en una acción de impugnación de confiscación lo es el certiorari contemplado por el inciso(i) del Art. 4.002 de la Ley de la Judicatura, _supra_, y la Regla 32 (E) del Reglamento de dicho Tribunal. Su determinación estuvo basada en que la Ley de Confiscaciones es una especial. No le asiste la razón. Veamos.

V

El Art. 4.002(i) de la Ley de la Judicatura en el cual basa su determinación el Tribunal de Circuito, dispone lo siguiente:

---

[5] Es de notar que aplica el plazo de sesenta (60) días por ser el ELA parte del pleito.

(i) mediante auto de *certiorari*, a ser expedido discrecionalmente, de cualquier sentencia o resolución final del Tribunal de Primera Instancia para la cual no se hubiere establecido procedimiento específico en [esta Ley de la Judicatura] <u>o en alguna ley especial aprobada con posterioridad.</u> En estos casos, el recurso de *certiorari* se presentará dentro del término y bajo las condiciones dispuestas por ley para la presentación del recurso equivalente que antes se presentaba ante el Tribunal Supremo.

El inciso (i) del Art. 4.002 de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, no justifica la conclusión a la que llegó el Tribunal de Circuito. Dicha disposición establece específicamente que ésta estará disponible cuando no se hubiere establecido en la Ley de la Judicatura o en alguna ley especial aprobada con posterioridad, algún procedimiento específico. El Art. 4.002(a) de la Ley de la Judicatura, dispone que cuando se trata de sentencias finales dictadas en casos originados en el tribunal de instancia, el vehículo procesal apropiado para revisarlas es la apelación. Ésta es precisamente la situación en el caso de autos.

VI

En resumen, al ser la acción de impugnación una civil independiente que por disposición expresa de ley deberá tramitarse ante el tribunal de instancia como cualquier acción ordinaria, resulta forzoso concluir que el trámite apelativo de la sentencia debe regirse por lo dispuesto en el Art. 4.002(a) de la Ley de la Judicatura,

supra, y por la Regla 13 (A) del Reglamento del Tribunal de Circuito de Apelaciones, supra, y la Regla 53.1(c) de Procedimiento Civil.

Por las razones expuestas revocamos la Resolución del Tribunal de Circuito de 31 de agosto de 2001, y devolvemos el caso para que dicho tribunal acoja el recurso presentado como uno de apelación y lo resuelva de forma compatible con lo aquí dictaminado.


Miriam Naveira de Rodón
Jueza Asociada

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

Cooperativa de Seguros
Múltiples

    Apelado

       v.                      AC-2001-51

Estado Libre Asociado de
Puerto Rico

    Apelante

SENTENCIA

San Juan, Puerto Rico a 20 de marzo de 2003

    Por las razones expuestas en la Opinión que antecede, se revoca la Resolución emitida por el Tribunal de Circuito de 31 de agosto de 2001. Se devuelve el caso para que dicho tribunal acoja el recurso presentado como uno de apelación y lo resuelva de forma compatible con lo aquí dictaminado.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo