CITICORP FINANCES P.R. INC. y NATIONAL INSURANCE, demandante y recurrida, *v.* SECRETARIA DE JUSTICA y ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandados y peticionarios.

*Número:* CC-2002-418    *Resuelto:* 7 de mayo de 2004

---

*Roberto J. Sánchez Ramos*, procurador general, abogado de la parte peticionaria; *Doraly Rivera González*, abogada de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Tras el arresto de la dueña de un vehículo de motor marca Hyundai por violación a los Arts. 272 y 275 del Código Penal, 33 L.P.R.A. secs. 4592 y 4595 —los cuales tipifican los delitos de posesión y traspaso de documentos falsificados y falsificación de licencia, certificado y otros documentos— el 26 de abril de 2001 el Secretario de Justicia del Estado Libre Asociado de Puerto Rico ordenó la confiscación del mencionado vehículo.[1] Asimismo, el 4 de mayo de 2001, la Junta de Confiscaciones del Departamento de Justicia notificó la referida confiscación a las partes con interés sobre el vehículo. Entre otros, la Junta de Confiscaciones notificó a Citicorp Finances de Puerto Rico, Inc., entidad financiera que tenía un gravamen a su favor sobre el vehículo confiscado.[2]

Así las cosas, el 16 de mayo de 2001 Citicorp presentó ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, una acción de impugnación de confiscación.[3] En ella alegó que no procedía la confiscación realizada, pues el vehículo no había sido utilizado en la comisión de delito alguno. Se adujo, además, que no se le había notificado dentro del término de quince días dispuesto en el Art. 4 de la Ley Uniforme de Confiscaciones de 1988, Ley Núm. 93 de 13 de julio de 1988, según enmendada, 34 L.P.R.A. sec. 1723b. El Estado, por su parte, alegó que el vehículo había sido ocupado para fines de investigación y que la notificación sobre la confiscación del vehículo se verificó dentro de los quince días luego de culminado el periodo de treinta días de investigación provisto en el Art. 14 de la

---

[1] El vehículo había sido ocupado desde el 18 de abril de 2001 a los fines de investigar la legalidad de su marbete y licencia, los cuales resultaron ser falsificados.

[2] De los autos surge que Citicorp Finances de Puerto Rico, Inc. (Citicorp) es la vendedora condicional del vehículo ocupado.

[3] Como parte demandante también figuró National Insurance Company, compañía aseguradora de la cubierta de seguro de interés simple, la cual cubre el balance de la deuda del Contrato de Venta Condicional del vehículo en cuestión.

Ley para la Protección de la Propiedad Vehicular, 9 L.P.R.A. sec. 3213.([4])

Acogiendo el planteamiento de la parte demandante, el 19 de diciembre de 2001 el Tribunal de Primera Instancia, mediante sentencia a esos efectos, declaró con lugar la demanda y decretó la nulidad de la confiscación impugnada. A esos efectos, concluyó que de los documentos presentados surgía que el E.L.A. había notificado la confiscación fuera del término de los quince días dispuesto por la Ley Uniforme de Confiscaciones de 1988. Dicha sentencia fue notificada y archivada en autos el *28 de diciembre de 2001*.

Inconforme con el dictamen emitido por el foro de instancia, el Procurador General acudió, mediante un recurso de apelación, ante el Tribunal de Apelaciones el *26 de febrero de 2002*. El referido foro acogió el recurso presentado como de *certiorari* y, mediante resolución a esos efectos, lo *desestimó*. Al fundamentar su dictamen, el foro apelativo intermedio señaló que "el recurso apropiado para revisar una decisión relacionada a la impugnación de una confiscación lo es el *certiorari* y no la apelación". Resolución del Tribunal de Circuito de Apelaciones, Circuito Regional II, pág. 3. De este modo, citando el caso *Coop. Seguros Múltiples v. Srio. de Hacienda*, 118 D.P.R. 115, 118 (1986), sostuvo que el recurso debió presentarse dentro de los treinta días del archivo de la notificación de la sentencia emitida por el foro de instancia y que, habiendo sido presentado fuera del término jurisdiccional dispuesto para ello, carecía de jurisdicción para entender en éste.

Insatisfecho, el Procurador General recurrió ante este Tribunal, vía *certiorari*, alegando que el Tribunal de Apelaciones incidió al

> ... considerar el presente recurso como un *certiorari* en lugar de una apelación y por tal razón declararse sin jurisdicción

---

([4]) Posteriormente, el 20 de junio de 2001, Citicorp presentó una Moción Solicitando Sentencia Sumaria, alegando, una vez más, que se le había notificado la confiscación fuera del término dispuesto en ley.

cuando se recurre de una sentencia del Tribunal de Primera Instancia emitida en un caso de demanda para impugnar una confiscación efectuada al amparo de la Ley Uniforme de Confiscaciones, Ley Número 93 de 13 de julio de 1988, 34 L.P.R.A. sec. 1723. Petición de *certiorari*, págs. 8–9.

*Expedimos* el recurso. Contando con la comparecencia de las partes y estando en condiciones de resolver el recurso, procedemos a así hacerlo.

## II

Como es sabido, "la confiscación es el acto de ocupación y de investirse para sí, que realiza el Estado por mandato legislativo y actuación del ejecutivo, de todo derecho de propiedad sobre cualesquiera bienes, que hayan sido utilizados en relación con la comisión de delitos". *Del Toro Lugo v. E.L.A.*, 136 D.P.R. 973, 980–981 (1994). Véanse, además: *Cooperativa v. E.L.A.*, 159 D.P.R. 37 (2003); Art. 2 de la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. sec. 1723). Se considera un elemento disuasivo para que una persona, por temor a exponerse al peligro de perder su propiedad, limite su actividad delictiva o se dificulte su realización. *Del Toro Lugo v. E.L.A.*, ante, pág. 987.

En lo que respecta al asunto ante nuestra consideración, el Art. 8 de la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. sec. 1723f), establece el procedimiento de impugnación que deberán observar las personas a quienes —a tenor con la ley— se les ha notificado sobre una confiscación. De este modo, se dispone que estas personas podrán "impugnar la confiscación dentro de los quince días siguientes a la fecha en que se reciba la notificación mediante la radicación de una demanda —en la sala correspondiente del Tribunal de Primera Instancia— contra el Estado Libre Asociado de Puerto Rico y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario

de Justicia dentro de los treinta días siguientes a la fecha en que se recibió la notificación". Esta disposición de ley establece, además, que "[l]as cuestiones que se susciten deberán resolverse y *los demás procedimientos tramitarse según lo dispuesto en las Reglas de Procedimiento Civil ...*". (Énfasis suplido.) Íd. Esto es, debería tratarse de la misma manera que si se tratase de una acción civil ordinaria. Véase *Cooperativa v. E.L.A.* ante.

De particular pertinencia y relevancia al caso ante nuestra consideración, en *Cooperativa v. E.L.A.*, ante, expresamos que siendo la acción de "impugnación de confiscación una civil ordinaria, el dictamen mediante el cual el foro de instancia se expresa sobre la *legalidad o procedencia* de la confiscación impugnada pone fin a la totalidad de la controversia entre las partes y, constituye, por tanto, una sentencia apelable". (Énfasis suplido.) De este modo, distinguimos entre un dictamen donde se adjudica la totalidad de las controversias entre las partes de uno en que se resuelven asuntos relacionados con la tasación del vehículo confiscado.([5])

En el referido caso la controversia giraba —al igual que en el caso que hoy nos ocupa— en torno a cuál es el recurso adecuado para que el Tribunal de Apelaciones revise la sentencia del Tribunal de Primera Instancia que recaiga en un *caso de impugnación de confiscación*. Allí, citando lo dispuesto en el Art. 4.002(a) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22k(i)),([6]) la Regla 13(A) del anterior Reglamento del Tribunal de

---

([5]) El Art. 11 de la Ley Uniforme de Confiscaciones de 1988 dispone que la determinación sobre la razonabilidad de la tasación de bienes que emite un tribunal, como un incidente del pleito de impugnación de confiscación, podrá ser revisada mediante el recurso de *certiorari*. 34 L.P.R.A. sec. 1723i.

([6]) En lo aquí pertinente, el Art. 4.002 de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22k, establece que el Tribunal de Circuito de Apelaciones conocerá, mediante un recurso de apelación, de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia.

Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A,([7]) y la Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III,([8]) resolvimos que el dictamen que emite el Tribunal de Primera Instancia en un caso sobre impugnación de confiscación en que *se pone fin a la controversia existente entre las partes*, constituye una *sentencia final* con respecto a la cual los litigantes tienen *derecho a apelar* ante el Tribunal de Apelaciones dentro del término jurisdiccional de sesenta días.

La misma conclusión se impone en el caso ante nos. Como señaláramos anteriormente, en el presente caso el foro de instancia, mediante sentencia emitida el 19 de diciembre de 2001 y notificada el *28 de diciembre* del mismo año, declaró con lugar la acción de impugnación de confiscación y ordenó la devolución del documento de fianza prestado y el archivo del caso. El referido foro basó su decisión en que el E.L.A. alegadamente notificó la confiscación fuera del término de los quince días dispuestos en el Art. 4 de la Ley Uniforme de Confiscaciones de 1988, ante.

---

([7]) En cuanto al término para recurrir en apelación, la Regla 13(A) del anterior Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, dispone, en lo aquí pertinente, que:

"Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia ... se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia. En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública, o en que los Municipios de Puerto Rico sean parte en un pleito, el recuso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta (60) días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado."

([8]) La Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone, en lo pertinente, que:

"El recurso de apelación deberá ser presentado en la forma antes dispuesta, dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública, o los municipios de Puerto Rico sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito perjudicada por la sentencia, presentando un escrito de apelación en la forma antes dispuesta y dentro del término jurisdiccional de sesenta (60) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado."

Tal y como sucedió en *Cooperativa de Seguros Múltiples v. E.L.A.*, ante, en la sentencia emitida en el caso de autos no se cuestionó ni resolvió nada sobre la tasación del vehículo confiscado. Vemos, pues, que en el presente caso el foro de instancia resolvió *finalmente* la controversia existente entre las partes, por lo que necesariamente debemos concluir que el dictamen emitido constituye una sentencia final con respecto a la cual las partes tienen derecho a apelar ante el Tribunal de Circuito dentro del término jurisdiccional de sesenta días.

Como señaláramos anteriormente, en el caso de marras el E.L.A. presentó su recurso de apelación el *26 de febrero de 2002*; esto es, exactamente a sesenta días de notificada y archivada en autos la sentencia emitida por el foro de instancia. Es por ello que necesariamente tenemos que concluir que el Tribunal de Apelaciones *incidió* al resolver que no tenía jurisdicción para entender en el presente recurso.

### III

En mérito de lo antes expuesto, procede dictar sentencia *revocatoria* de la resolución emitida por el Tribunal de Apelaciones y devolver el caso para que dicho tribunal acoja el recurso presentado como un recurso de apelación.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri no intervino.