EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Citicorp Finances P.R. Inc. y National Insurance<br><br>    Demandante-Recurrida<br><br>            v.<br><br>Secretaria de Justicia y Estado Libre Asociado de Puerto Rico<br><br>    Demandados-Peticionarios | Certiorari<br><br>2004 TSPR 71<br><br>161 DPR \_\_\_\_ |

Número del Caso: CC-2002-418

Fecha: 7 de mayo de 2004

Tribunal de Circuito de Apelaciones:

    Circuito Regional II

Panel integrado por su Presidente, Juez Arbona Lago y los Jueces Urgell Cuebas y Aponte Hernández

Oficina del Procurador General:

    Lcdo. Sigfredo Rodríguez Isaac
    Procurador General Auxiliar

    Lcda. Celia M. Molano Flores
    Procuradora General Auxiliar

    Lcdo. Héctor Clemente Delgado
    Procurador General Auxiliar

Abogada de la Parte Recurrida:

    Lcda. Doraly Rivera González

Materia: Impugnación de Confiscación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Citicorp Finances P.R. Inc. y
National Insurance

    Demandante-recurrida

       vs.                       CC-2002-418     CERTIORARI

Secretaria de Justicia y
Estado Libre Asociado de Puerto
Rico

    Demandados-peticionarios



OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 7 de mayo de 2004


Tras el arresto de la dueña de un vehículo de motor marca Hyundai por violación a los Artículos 272 y 275 del Código Penal, 33 L.P.R.A. sec. 4592 y 4595 --los cuales tipifican los delitos de posesión y traspaso de documentos falsificados y falsificación de licencia, certificado y otros documentos-- el 26 de abril de 2001 el Secretario de Justicia del Estado Libre Asociado de Puerto Rico ordenó la confiscación del mencionado vehículo.[1] Asimismo, el 4 de mayo de 2001, la Junta de Confiscaciones del Departamento de Justicia notificó la referida

---

[1] El vehículo había sido ocupado desde el 18 de abril de 2001 a los fines de investigar la legalidad del marbete y licencia del mismo, los cuales resultaron ser falsificados.

confiscación a las partes con interés sobre el vehículo. Entre otros, la Junta de Confiscaciones notificó a Citicorp Finances de Puerto Rico, Inc., entidad financiera que tenía un gravamen a su favor sobre el vehículo confiscado.[2]

Así las cosas, el 16 de mayo de 2001 Citicorp presentó, ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, una acción de impugnación de confiscación.[3] En la misma alegó que no procedía la confiscación realizada, pues el vehículo no había sido utilizado en la comisión de delito alguno. Se adujo, además, que no se le había notificado dentro del término de quince (15) días dispuesto en el Artículo 4 la Ley Uniforme de Confiscaciones, Ley Núm. 93 de 13 de Julio de 1988, según enmendada, 34 L.P.R.A. sec. 1723b. El Estado, por su parte, alegó que el vehículo había sido ocupado para fines de investigación y que la notificación sobre la confiscación del vehículo se verificó dentro de los quince (15) días luego de culminado el periodo de treinta (30) días de investigación provisto en el Artículo 14 de la Ley

---

[2] De los autos surge que Citicorp Finances de Puerto Rico, Inc. es la vendedora condicional del vehículo ocupado.

[3] Como parte demandante también figuró National Insurance Company, compañía aseguradora de la cubierta de seguro de interés simple, la cual cubre el balance de la deuda del Contrato de Venta Condicional del vehículo en cuestión.

para la Protección de Propiedad Vehicular, 9 L.P.R.A. sec. 3213.[4]

Acogiendo el planteamiento de la parte demandante, el 19 de diciembre de 2001, el Tribunal de Primera Instancia, mediante sentencia a esos efectos, declaró con lugar la demanda y decretó la nulidad de la confiscación impugnada. A esos efectos, concluyó que de los documentos presentados surgía que el E.L.A. había notificado la confiscación fuera del término de los quince (15) días contemplados por la Ley Uniforme de Confiscaciones. Dicha sentencia fue notificada y archivada en autos el 28 de diciembre de 2001.

Inconforme con el dictamen emitido por el foro de instancia, el Procurador General acudió, mediante recurso de apelación, ante el Tribunal de Apelaciones el 26 de febrero de 2002. El referido foro acogió el recurso presentado como uno de *certiorari* y, mediante resolución a esos efectos, desestimó el mismo. Al fundamentar su dictamen el foro apelativo intermedio señaló que "el recurso apropiado para revisar una decisión relacionada a la impugnación de una confiscación lo es el *certiorari* y no la apelación." De este modo, citando el caso Cooperativa de Seguros Múltiples v. Secretario de Hacienda, 118 D.P.R. 115, 118 (1986), sostuvo que el

---

[4] Posteriormente, el 20 de junio de 2001, Citicorp presentó una moción solicitando sentencia sumaria alegando, una vez más, que se le había notificado la confiscación fuera del término dispuesto en ley.

recurso debió presentarse dentro de los treinta días del archivo de la notificación de la sentencia emitida por el foro de instancia y, que habiendo sido presentado fuera del término jurisdiccional dispuesto para ello, carecía de jurisdicción entender en el mismo.

Insatisfecho, el Procurador General recurrió, vía *certiorari*, ante este Tribunal alegando que el Tribunal de Apelaciones incidió al:

> considerar el presente recurso como un *certiorari* en lugar de una apelación y por tal razón declararse sin jurisdicción cuando se recurre de una sentencia del Tribunal de Primera Instancia emitida en un caso de demanda para impugnar una confiscación efectuada al amparo de la Ley Uniforme de Confiscaciones, Ley Número 93 de 13 de julio de 1988, 34 L.P.R.A. sec. 1723.

Expedimos el recurso. Contando con la comparecencia de las partes y estando en condiciones de resolver el mismo, procedemos a así hacerlo.

II

Como es sabido, "la confiscación es el acto de ocupación y de investirse para sí, que realiza el Estado por mandato legislativo y actuación del ejecutivo, de todo derecho de propiedad sobre cualesquiera bienes, que hayan sido utilizados en relación con la comisión de delitos." Cooperativa de Seguros Múltiples v. E.L.A., res. el 20 de marzo de 2003, 2003 T.S.P.R. 40; véase, además: Del Toro Lugo v. E.L.A ., 136 D.P.R. 973, 980 (1994) y Artículo 2 de la Ley Uniforme de Confiscaciones, ante, 34 L.P.R.A.

sec. 1723. Se considera un elemento disuasivo para que una persona, por temor a exponerse al peligro de perder su propiedad, limite su actividad delictiva o se dificulte su realización. Del Toro Lugo v. E.L.A ., ante, a la pág. 987.

En lo que respecta al asunto ante nuestra consideración, el Artículo 8 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723f, establece el procedimiento de impugnación que deberán observar las personas a quienes  --a tenor con la Ley-- se les ha notificado sobre una confiscación. De este modo, se dispone que estas personas podrán "impugnar la confiscación dentro de los quince (15) días siguientes a la fecha en que se reciba la notificación mediante la radicación de una demanda --en la sala correspondiente del Tribunal de Primera Instancia-- contra el Estado Libre Asociado de Puerto Rico y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los treinta (30) días siguientes a la fecha en que se recibió la notificación." Esta disposición de ley establece, además, que "[l]as cuestiones que se susciten deberán resolverse y los demás procedimientos tramitarse según lo dispuesto en las Reglas de Procedimiento Civil...." (énfasis suplido). Esto es, "de la misma manera que si se tratase de una acción civil ordinaria." Cooperativa de Seguros Múltiples v. E.L.A, ante.

De particular pertinencia y relevancia al caso ante nuestra consideración, en Cooperativa de Seguros Múltiples v. E.L.A, ante, expresamos que "siendo la acción de impugnación de confiscación una civil ordinaria, el dictamen mediante el cual el foro de instancia se expresa sobre la legalidad o procedencia de la confiscación impugnada pone fin a la totalidad de la controversia entre las partes y, constituye, por tanto, una sentencia apelable." (énfasis suplido). De este modo, distinguimos entre un dictamen donde se adjudica la totalidad de las controversias entre las partes de uno en que se resuelven asuntos relacionados con la tasación del vehículo confiscado.[5]

En el referido caso la controversia giraba --al igual que en el caso que hoy nos ocupa-- en torno a cuál es el recurso adecuado para que el Tribunal de Apelaciones revise la sentencia del Tribunal de Primera Instancia que recaiga en un caso de impugnación de confiscación. Allí, citando lo dispuesto en el Artículo 4.002(a) de la Ley de la Judicatura de 1994, 4 L.P.R.A. sec. 22k(i),[6] la Regla

_____

[5] El Artículo 11 de la Ley Uniforme de Confiscaciones dispone que la determinación sobre la razonabilidad de la tasación de bienes que emite un tribunal, como un incidente del pleito de impugnación de confiscación, podrá ser revisada mediante el recurso de certiorari. 34 L.P.R.A. sec. 1723i.

[6] En lo aquí pertinente, el Art. 4.002 de la Ley de la Judicatura de 1994, según enmendada, 4 L.P.R.A. sec. 22k, establece que el Tribunal de Circuito conocerá mediante recurso de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia.

13(A) del anterior Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R.13(A)[7] y la Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap.III, R.53.1,[8] resolvimos que el dictamen que emite el Tribunal de Primera Instancia en un caso sobre impugnación de

_____

[7] En cuanto al término para recurrir en apelación, la Regla 13(A) del anterior Reglamento del Tribunal de Circuito, 4 L.P.R.A. Ap. XXII A, dispone, en lo aquí pertinente que:

Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, ... se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia. En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública, o en que los Municipios de Puerto Rico sean parte en un pleito, el recuso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta (60) días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado.

[8] Esta Regla dispone, en lo pertinente, que:

El recurso de apelación deberá ser presentado en la forma antes dispuesta, dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública, o los municipios de Puerto Rico sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito perjudicada por la sentencia, presentando un escrito de apelación en la forma antes dispuesta y dentro del término jurisdiccional de sesenta (60) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado.

confiscación en que <u>se pone fin a la controversia existente entre las partes</u>, constituye una <u>sentencia final</u> con respecto a la cual los litigantes tienen <u>derecho a apelar</u> ante el Tribunal de Apelaciones dentro del término jurisdiccional de sesenta (60) días.

La misma conclusión se impone en el caso ante nos. Como señaláramos anteriormente, en el presente caso el foro de instancia, mediante sentencia emitida el 19 de diciembre de 2001 y notificada el <u>28 de diciembre</u> del mismo año, declaró con lugar la acción de impugnación de confiscación y ordenó la devolución del documento de fianza prestado y el archivo del caso. El referido foro basó su decisión en que el E.L.A. alegadamente notificó la confiscación fuera del término de los quince (15) días dispuestos en el Artículo 4 de la Ley Uniforme de Confiscaciones, ante. Tal y como sucedió en <u>Cooperativa de Seguros Múltiples</u> v. <u>E.L.A,</u> ante, en la sentencia emitida en le caso de autos no se cuestionó ni resolvió nada sobre la tasación del vehículo confiscado. Vemos, pues, que en el presente caso el foro de instancia resolvió <u>finalmente</u> la controversia existente entre las partes, por lo que necesariamente debemos concluir que el dictamen emitido constituye una sentencia final con respecto a la cual las partes tienen derecho a apelar ante el Tribunal de Circuito dentro del término jurisdiccional de sesenta (60) días.

Como señaláramos anteriormente, en el caso de marras el E.L.A. presentó su recurso de apelación el <u>26 de febrero de 2002</u>; esto es, exactamente a sesenta (60) días de notificada y archivada en autos la sentencia emitida por el foro de instancia. Es por ello que necesariamente tenemos que concluir que el Tribunal de Apelaciones <u>incidió</u> al resolver que no tenía jurisdicción para entender en el presente recurso.

### III

En mérito de lo antes expuesto procede dictar Sentencia <u>revocatoria</u> de la resolución emitida por el Tribunal de Apelaciones y devolver el caso para que dicho tribunal acoja el recurso presentado como uno de apelación.

Se dictará Sentencia de conformidad

FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Citicorp Finances P.R. Inc. y
National Insurance

    Demandante-recurrida

       vs.                  CC-2002-418      CERTIORARI

Secretaria de Justicia y
Estado Libre Asociado de Puerto
Rico

    Demandados-peticionarios

SENTENCIA

San Juan, Puerto Rico, a 7 de mayo de 2004

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la resolución emitida en el presente caso por el Tribunal de Apelaciones y se devuelve el mismo a dicho tribunal para que acoja el recurso presentado como uno de apelación.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo