EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Jorge L. Centeno Rodríguez<br><br>        Recurrido<br><br>            v.<br><br> Estado Libre Asociado de<br>Puerto Rico; Secretario de<br>Justicia<br><br>        Peticionario | Certiorari<br><br>2007 TSPR 81<br><br>170 DPR \_\_\_\_ |

Número del Caso: CC-2006-188

Fecha: 3 de mayo de 2007

Tribunal de Apelaciones:

            Región Judicial de Bayamón-Panel VII

Juez Ponente:

            Hon. Rafael L. Martínez Torres

Oficina del Procurador General:

            Lcda. María Astrid Hernández Martín
            Procuradora General Auxiliar

Abogado de la Parte Recurrida:

            Lcdo. Hector Landrón Hernández


Materia: Impugnación de Confiscación


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Jorge L. Centeno Rodríguez

    Recurrido

        v.                      CC-2006-188        Certiorari

Estado Libre Asociado de
Puerto Rico; Secretario de
Justicia

    Peticionario

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 3 de mayo de 2007.

El caso de autos nos brinda la oportunidad de determinar si procede imponerle al Estado la obligación de concederle un remedio al demandante que prevalece en la acción de impugnación de la confiscación de su vehículo de motor, aún cuando dicho vehículo carece del número de identificación de una pieza. Tras un detenido análisis, respondemos esta interrogante en la afirmativa.

I

En julio de 2004, el Estado ocupó un vehículo de motor marca Lexus, modelo IS 400, del año 1990, correspondiente a la tablilla GAX-952 y registrado en la División de Vehículos de Motor del Departamento de Transportación y Obras Públicas a

nombre del Sr. Jorge L. Centeno Rodríguez. Dicho vehículo se ocupó por alegadamente haberse usado mientras se cometía una violación al Artículo 404 de la Ley de Sustancias Controladas, 24 L.P.R.A. Sec. 2404. Como resultado de la ocupación, en agosto de 2004, el Negociado de Investigaciones de Vehículos Hurtados de la Policía expidió el correspondiente certificado de inspección, el cual reveló que al vehículo le faltaba el número de identificación de la tapa del baúl. No obstante, en el certificado se hizo constar que "todo lo demás [estaba] en completo orden."

En virtud de lo anterior, el Departamento de Justicia procedió a la confiscación del vehículo, a tenor con el Artículo 2 de Ley Uniforme de Confiscaciones, 34 L.P.R.A. Sec. 1723. La orden de confiscación, notificada adecuadamente al señor Centeno Rodríguez, señaló que el vehículo se encontraba en violación a varias disposiciones de la Ley de Arbitrios, 13 L.P.R.A. Sec. 8140, inciso (a)(7)(D), la Ley para la Protección de Propiedad Vehicular, 9 L.P.R.A. Sec. 3213(3), y la Ley Uniforme de Confiscaciones, *supra.* De otra parte, el Estado le imputó al señor Centeno Rodríguez unos cargos criminales por la alegada violación a la Ley de Sustancias Controladas, *supra,* sin embargo éstos fueron desestimados conforme a la Regla 64(n)(6) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(n)(6).

En el ínterin, el señor Centeno Rodríguez presentó una acción civil ante el Tribunal de Primera Instancia impugnando la validez de la confiscación efectuada. Celebrada la vista correspondiente, el foro de instancia emitió una breve sentencia mediante la cual concluyó que el señor Centeno Rodríguez había importado el vehículo confiscado cumpliendo todos los requerimientos de ley y que, luego de la importación, el vehículo no había sido alterado de forma alguna. Además, resolvió que la confiscación no procedía, por lo que decretó con lugar la Demanda de Impugnación conforme a la Ley Uniforme de Confiscaciones, *supra.* Finalmente, le ordenó al Estado devolver el vehículo confiscado o, en su defecto, pagar el valor de tasación del automóvil –equivalente a la suma de $2,100.00, más los intereses correspondientes– en caso de que el mismo no estuviese en posesión del Departamento de Justicia o de la Policía de Puerto Rico.

Insatisfecho con el dictamen, el Procurador General, en representación del Estado, acudió ante el Tribunal de Apelaciones. Dicho foro modificó la sentencia recurrida para eliminar el remedio de la devolución del vehículo a su dueño registral. A estos efectos, el tribunal intermedio concluyó que el único remedio disponible ante la improcedencia de la confiscación era el pago del valor de tasación del automóvil, toda vez que al señor Centeno Rodríguez no se le podía devolver su vehículo debido a que el mismo estaba impedido de transitar por las vías

públicas por la falta del número de identificación de una pieza.

Aún inconforme, el Procurador General acude ante nos. Aduce que erró el Tribunal de Apelaciones al determinar que, aunque no procede la devolución del vehículo confiscado por las circunstancias descritas, le corresponde al Estado pagar el importe de su tasación. En esencia, el Procurador General sostiene que el señor Centeno Rodríguez carece de remedio ya que su vehículo es ilegal *per se.*

Examinada la solicitud de *certiorari,* acordamos expedir. Con el beneficio de la comparecencia de ambas partes, resolvemos.

II

En nuestro ordenamiento, la confiscación es el acto de ocupación y de investirse para sí que lleva a cabo el Estado de todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en relación con la comisión de determinados delitos. *First Bank v. E.L.A.,* res. el 2 de junio de 2005, 2005 TSPR 76; *Cooperativa de Seguros Múltiples v. E.L.A.,* res. el 20 de marzo de 2003, 2003 TSPR 40; *Del Toro Lugo v. E.L.A.,* 136 D.P.R. 973 (1994). El procedimiento de confiscación está regulado por la Ley Uniforme de Confiscaciones, *supra*, y, según surge de su Exposición de Motivos, constituye un acto de justicia para el beneficio de la sociedad que ha sido perjudicada por las acciones delictivas. Además, la

confiscación no sólo tiene la intención de evitar que el vehículo o la propiedad confiscada pueda volverse a utilizar para fines ilícitos, sino que también sirve de castigo para disuadir a los criminales. *Cooperativa de Seguros Múltiples v. E.L.A.*, *supra*; *Negrón Placer v. Secretario de Justicia*, 154 D.P.R. 79 (2001). De lo anterior se colige que la confiscación persigue y refleja un propósito punitivo. *Id.*

En reiteradas ocasiones hemos señalado que el procedimiento de confiscación es de carácter civil o *in rem*. Éste va dirigido contra el propio objeto y no contra el dueño o la persona con algún interés legal sobre el bien. *Id.* Independientemente del carácter de la confiscación, hemos establecido que los estatutos confiscatorios deben interpretarse restrictivamente, toda vez que "[l]os procedimientos instados con el propósito de confiscar la propiedad de un individuo, por razón de un delito por él cometido, aunque civil en su forma, tienen naturaleza criminal […]." *Carlo del Toro v. Secretario de Justicia*, 107 D.P.R. 356 (1978).

A tenor con los preceptos señalados, nuestro ordenamiento contempla varias vías confiscatorias. Veamos. La Ley Uniforme de Confiscaciones autoriza el acto de confiscación a favor del Estado cuando la propiedad esté relacionada con la comisión de determinados delitos. 34 L.P.R.A. Sec. 1723.

De otra parte, el Estado también tiene la facultad de incautar vehículos de motor al amparo de la Ley para la Protección de Propiedad Vehicular, *supra,* aún cuando el vehículo no ha sido utilizado en la comisión de un delito. *First Bank v. E.L.A., supra*. Específicamente, el Artículo 14 de la ley establece que los agentes de orden público pueden –en determinadas circunstancias- detener e inspeccionar y retener **para investigación** cualquier vehículo o pieza por un término razonable que no exceda de treinta (30) días calendario. 9 L.P.R.A. Sec. 3213. Una de las circunstancias en las que el Estado puede llevar a cabo la incautación es cuando "[a]lguno de los números de serie o de identificación del vehículo o de partes imprescindibles del mismo que se encuentren a vista abierta hayan sido borrados, mutilados, alterados, sustituidos, sobrepuestos, desprendidos, adaptados o de alguna forma modificados […]." *Id*, Sec. 3213 (3).[1]

Inclusive, el Artículo 21 de la misma ley tipifica como delito menos grave la posesión **voluntaria y a sabiendas** de algún vehículo de motor o pieza "con los números de motor o serie, o cualquier otro número de identificación impreso por el manufacturero o fabricante o asignado por el Secretario del Departamento de

---

[1] De lo anterior se colige que el vehículo que tenga algún número de identificación alterado o modificado se incauta con el propósito de investigarlo y evaluar si se trata de un vehículo de motor hurtado. Véase Comentarios del Superintendente de la Policía en Torno al P. de la C. 922 el cual pretende establecer la Ley para la Propiedad Vehicular, 20 de mayo de 1986, a la pág. 10.

Transportación y Obras Públicas borrado, mutilado, alterado, destruido, desprendido o en alguna forma modificado." 9 L.P.R.A. Sec. 3320. Esta disposición legal añade que la mera posesión del vehículo o pieza que se encuentre en el estado descrito anteriormente constituirá evidencia *prima facie* de su posesión voluntaria. *Id*. Sin embargo, observamos que el estatuto nada dispone con respecto a los casos en que una persona derrota la presunción contemplada.

Por otro lado, el Código de Rentas Internas de 1994 provee una vía adicional para el acto de confiscación. En lo pertinente, la Sección 6140, inciso (a)(7)(D) de la Ley de Arbitrios, 13 L.P.R.A. Sec. 8140, inciso (a)(7)(D), dispone que el Secretario de Hacienda está facultado para la confiscación y destrucción de "[c]ualquier artículo de uso o consumo del cual se haya removido, alterado, desfigurado o destruido en forma alguna el número de serie del manufacturero o cualquier otro número de identificación." Esta disposición fue objeto de análisis en *Fernández v. Secretario de Hacienda*, 122 D.P.R. 636 (1988). Allí sostuvimos que el dueño de un vehículo de motor que padezca de la deficiencia antes expuesta no tendrá derecho a recobrar – mediante la prestación de fianza– la posesión del bien confiscado **mientras se dilucida la demanda impugnación de la confiscación**, toda vez que el vehículo constituye la mejor evidencia para demostrar su ilegalidad. En virtud

de lo anterior, se determinó que el vehículo en esas circunstancias no podía transitar libremente por las vías públicas de Puerto Rico. No obstante, en aquella ocasión enfatizamos que nada pretendíamos resolver sobre la disposición final procedente en caso de que la parte demandante finalmente prevaleciera en la acción instada, aún cuando los números de identificación de su vehículo hubieran sido alterados o removidos. *Id,* nota al calce 11.

En estos casos en que proceda la confiscación, ésta deberá llevarse a cabo a tenor con el procedimiento dispuesto en el Artículo 2 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. Sec. 1723a. *First Bank v. Departamento de Justicia, supra; Fernández v. Secretario de Hacienda, supra.* Dicha ley contempla la posibilidad de impugnar el acto de confiscación mediante la presentación de una demanda contra el Estado, toda vez que están involucrados los derechos constitucionales de las personas afectadas por la privación de su propiedad. 34 L.P.R.A. Sec. 1723(f); *Negrón Placer v. Secretario de Justicia, supra.*

En virtud de tal acción civil, la persona que desee proteger su interés sobre la propiedad confiscada tiene la oportunidad de salvaguardar sus derechos y levantar y probar las defensas válidas que pueda tener en contra de la confiscación. *Pueblo v. Echevarría Arroyo*, res. el 11 de junio de 2002, 2002 T.S.P.R. 78. Si obtiene una

sentencia favorable, la propia ley dispone los remedios que el tribunal habrá de concederle. Específicamente, y en lo pertinente, el Artículo 13 de la ley establece que:

> En aquellos casos que el tribunal decrete la ilegalidad de una confiscación, **la Junta devolverá la propiedad ocupada** al demandante **o** en caso de que haya dispuesto de la misma, el Estado Libre Asociado de Puerto Rico le **pagará el importe de la tasación** al momento de la ocupación o la cantidad de dinero por la cual se haya vendido, la que resulte mayor, más intereses de conformidad con la Regla 44.3 de Procedimiento Civil, Ap. III del Título 32, a partir de la fecha de la ocupación. (Énfasis nuestro). 34 L.P.R.A. Sec. 1723k-1.

Del precepto enunciado se desprende que cuando el tribunal decreta inválida una confiscación, el Estado tiene la obligación de conceder uno de los dos remedios contemplados en el estatuto. Los remedios son: (1) la devolución de la propiedad ocupada al demandante; o, (2) su valor de tasación, en caso de que se haya dispuesto de la propiedad. *Negrón Placer v. Secretario de Justicia, supra.*[2]

Examinada la normativa pertinente, procedemos a atender la controversia ante nuestra consideración.

### III

En esta ocasión, debemos resolver si -ante una sentencia favorable en una acción de impugnación de confiscación- procede la devolución del vehículo de motor

---

[2] Cabe señalar que el estatuto no delimita los supuestos en los cuales el tribunal podrá determinar que una confiscación es improcedente o ilegal, ni tampoco contempla marco de discreción al momento de conceder algún remedio cuando el demandante prevalece en su acción.

confiscado o su valor de tasación, aún cuando al referido vehículo le falta el número de identificación de una de sus piezas. En particular, debemos determinar si el señor Centeno Rodríguez se encuentra desprovisto de remedio.

El foro apelativo, al modificar el dictamen de instancia, sostuvo que en *Fernández v. Secretario, supra,* sugerimos que la parte demandante que prevalece en la acción de impugnación tiene derecho a un remedio. En virtud de ello, ordenó al Estado pagar al señor Centeno Rodríguez el valor de tasación de su vehículo. De esta determinación el Procurador General recurre ante nos y arguye que la mera inexistencia del número de identificación de la tapa del baúl hace del vehículo en cuestión un bien ilegal *per se,* por lo que el señor Centeno Rodríguez no podía recuperar la posesión de su vehículo ni el valor de tasación del mismo. Examinada de forma integrada la normativa aplicable, así como las circunstancias particulares del caso, resolvemos que no le asiste la razón.

En vista de los preceptos estudiados, es evidente que la resolución final de este caso requiere que armonicemos las disposiciones legales en cuestión a los fines de lograr un resultado sensato, lógico y razonable. *Andino v. Fajardo Sugar Co.,* 82 D.P.R. 85 (1961). Para ello, conviene reiterar que estamos impedidos de aplicar los estatutos en forma literal y mecánica, sin atender a las razones que dieron lugar a su promulgación y a los

hechos a los cuales las disposiciones estatutarias han de aplicarse. *Fernández v. Secretario de Hacienda, supra; Salas v. Samac Motor Corp.,* 92 D.P.R. 529 (1965).

A la luz de ello, entendemos que la normativa estudiada justifica la confiscación para viabilizar la correspondiente investigación. Sin embargo, no le podemos conferir el efecto de adjudicar que el vehículo es ilegal *per se* e impedir –en virtud de dicho argumento– que el señor Centeno Rodríguez presente evidencia a su favor mediante la cual pueda impugnar exitosamente la confiscación de su vehículo. El interés legislativo en disuadir el trasiego de piezas hurtadas no puede estar, en forma alguna, por encima del interés **constitucional** en el debido proceso de ley. La misma conclusión se sostiene si tomamos en consideración que, aunque la Ley para la Protección de Propiedad Vehicular, *supra,* establece una serie de presunciones para inferir que el vehículo con número de identificación alterado o modificado ha sido apropiado ilegalmente, de su historial legislativo surge que el efecto de las presunciones es únicamente permitir que el juzgador tenga la discreción de deducir o no deducir el hecho presumido, así como imponerle al demandante el peso de la prueba para demostrar que su vehículo o pieza no es ilegal. Véase Comunicación del Departamento de Justicia sobre el P. de la C. 922, a la pág. 10.

Conforme a lo anterior, no es posible sostener que las determinaciones a las cuales llegaron los tribunales inferiores son irrelevantes para determinar la validez de la confiscación. Si luego de celebrada la vista en el pleito de impugnación, el señor Centeno Rodríguez logró obtener una sentencia a su favor, no vemos justificación para negarle alguno de los remedios dispuestos en la Ley de Confiscaciones, *supra.*

Por un lado, cabe recordar que de dicha ley se colige que -independientemente de la disposición legal bajo la cual se haya autorizado la incautación- no es discrecional la concesión de un remedio cuando el demandante prevalece en su acción de impugnación, tal y como sucedió en el caso ante nuestra consideración. Por otro lado, en este caso no se han vulnerado los preceptos cautelares, preventivos y punitivos de las leyes envueltas.

En particular, quedó probado que el señor Centeno Rodríguez importó el vehículo y pagó los arbitrios correspondientes, conforme exige la Ley de Arbitrios. Tras una inspección en la que no se encontró deficiencia alguna, el propio Departamento de Hacienda autorizó el registro del mismo. Además, cabe destacar que el señor Centeno Rodríguez fue exonerado de las imputaciones delictivas que motivaron el acto de confiscación. Así también, el foro de instancia declaró con lugar la demanda de impugnación tras celebrar una vista en la que

el demandante tuvo la oportunidad de presentar prueba a su favor.

Por tanto, en vista de que el **<u>único</u>** motivo por el cual el vehículo actualmente no está apto para transitar por la vía pública es la falta del número de identificación de una sola pieza, y de que no se ha encontrado un motivo razonable para creer que el vehículo de motor ha sido hurtado, adquirido ilegalmente o alterado de forma alguna, resolvemos que procede devolverle el vehículo confiscado al señor Centeno Rodríguez. Ahora bien, ordenamos que -como paso previo a la entrega del vehículo confiscado- el Estado, a través de la Directoría de Servicios al Conductor del Departamento de Transportación y Obras Públicas, otorgue un reemplazo del número de identificación de la tapa del baúl del automóvil en controversia y realice la correspondiente anotación en el Registro de Vehículos, conforme a los procedimientos establecidos a tales efectos. Una vez se cumpla con este trámite, el vehículo se encontrará apto para transitar por nuestras carreteras y el Estado estará en la obligación de devolverlo a su dueño registral.

Conscientes de que las confiscaciones no son favorecidas por constituir una medida punitiva, entendemos que el remedio anteriormente esbozado protege los intereses tanto del Estado como del dueño del vehículo y no desvirtúa los propósitos legislativos.

*Negrón Placer v. Secretario de Justicia*, *supra*; *Santiago v. Superintendente de la Policía de P.R.*, 151 D.P.R. 511 (2000); *Carlo del Toro v. Secretario de Justicia*, *supra*.

IV

Por los fundamentos antes expuestos, revocamos al Tribunal de Apelaciones en cuanto resolvió que no procede la devolución del vehículo y devolvemos el caso al Tribunal de Primera Instancia. Dicho foro deberá ordenarle a la Directoría de Servicios al Conductor del Departamento de Transportación y Obras Públicas que provea el reemplazo del número de identificación de la tapa del baúl del vehículo en controversia. Una vez cumplido este trámite, le ordenará al Estado que entregue el vehículo al señor Centeno Rodríguez.

Se dictará Sentencia de conformidad.


                                        Federico Hernández Denton
                                             Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Jorge L. Centeno Rodríguez

    Recurrido

       v.                       CC-2006-188           Certiorari

Estado Libre Asociado de
Puerto Rico; Secretario de
Justicia

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 3 de mayo de 2007.

       Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca al Tribunal de Apelaciones en cuanto resolvió que no procede la devolución del vehículo y devolvemos el caso al Tribunal de Primera Instancia. Dicho foro deberá ordenarle a la Directoría de Servicios al Conductor del Departamento de Transportación y Obras Públicas que provea el reemplazo del número de identificación de la tapa del baúl del vehículo en controversia. Una vez cumplido este trámite, le ordenará al Estado que entregue el vehículo al señor Centeno Rodríguez.

       Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López y la Juez Asociada señora Rodríguez Rodríguez disienten sin opiniones escritas.


                             Aida Ileana Oquendo Graulau
                          Secretaria del Tribunal Supremo