EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ford Motor Credit, Puerto Rican American Insurance, Co.<br><br>    Recurrido<br><br>        v.<br><br>Estado Libre Asociado de Puerto Rico<br><br>    Peticionario<br><br>*******************************<br>José Jiménez Otero<br><br>    Recurrido<br><br>        v.<br><br>Estado Libre Asociado de Puerto Rico<br><br>    Peticionario | Apelación<br><br>2008 TSPR 137<br><br>174 DPR _____ |

Número del Caso: CC-2007-1158


Fecha: 11 de agosto de 2008


Tribunal de Apelaciones:

        Región Judicial de San Juan Panel III

Juez Ponente:

        Hon. Nestor S. Aponte Hernández

Oficina del Procurador General:

        Lcda. María Astrid Hernández Martín
        Procuradora General Auxiliar

Abogados de la Parte Recurrida:

        Lcdo. Luis R. Rivera-Martínez
        Lcdo. Antonio Bauzá Torres

Materia: Impugnación de Confiscación


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Ford Motor Credit, Puerto Rican        *
American Insurance, Co.                 *
                                        *
   Recurrido                            *
                                        *
              v.                        *        CC-2007-1158
                                        *
Estado Libre Asociado de               *
Puerto Rico                            *
                                        *
   Peticionario                        *
********************************
José Jiménez Otero                     *        Certiorari
                                        *
   Recurrido                            *
                                        *
              v.                        *
                                        *
Estado Libre Asociado de               *
Puerto Rico                            *
                                        *
   Peticionario                        *
********************************

Opinión del Tribunal emitida por el Juez Presidente señor
Hernández Denton

San Juan, Puerto Rico, a 11 de agosto de 2008.


En el presente caso, nos corresponde determinar si el archivo y sobreseimiento de una acusación criminal al amparo de un programa de desvío y rehabilitación constituye cosa juzgada en su modalidad de impedimento colateral por sentencia en una acción civil de impugnación de confiscación. Por entender que, en las circunstancias de este caso, la confiscación de propiedad privada es una medida punitiva que contraviene la política pública relacionada a la rehabilitación y el tratamiento de los

acusados acogidos a los mecanismos de desvío de la Ley de Sustancias Controladas y de las Reglas de Procedimiento Criminal, confirmamos el dictamen recurrido.

## I

En diciembre de 2002, un agente del orden público detuvo al Sr. José Jiménez Otero tras presenciar una transacción de drogas realizada por éste desde su guagua Ford Explorer en un punto de drogas. Como consecuencia de dicha detención, los agentes le ocuparon al señor Jiménez Otero -el comprador en dicha transacción- una bolsa plástica transparente que contenía cocaína y le confiscaron el mencionado vehículo. En vista de ello, el Ministerio Público presentó cargos criminales contra el señor Jiménez Otero por violación al Artículo 404 de la Ley de Sustancias Controladas, 24 L.P.R.A. 2404, el cual tipifica como delito la posesión de sustancias controladas.

Se desprende del expediente de autos que el señor Jiménez Otero fue acusado en todo momento de posesión al amparo del Artículo 404 de la Ley de Sustancias Controladas, *supra*. De la propia denuncia que se radicó inicialmente en su contra no surge alegación o indicio alguno de que éste estuviera involucrado en la distribución de drogas ilegales, pues nunca se le acusó bajo los artículos relacionados a la distribución, producción o transportación de dichas sustancias controladas. 24 L.P.R.A. secs. 2401, 2402, 2403. Todo indica que el señor Jiménez Otero era un usuario en la cadena del narcotráfico,

mas no un distribuidor o productor de tales sustancias controladas.

Luego de los trámites de rigor, el señor Jiménez Otero se declaró culpable del delito imputado con el propósito de acogerse a un programa de desvío diseñado para personas con problemas de adicción a drogas, conforme a la Regla 247.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 247.1 y al Artículo 404(b) de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2404 (b). Como parte de dicho programa, el señor Jiménez Otero tuvo que someterse a un programa de detección de sustancias controladas durante un término de dos años.

Posteriormente, y tras concluir que el señor Jiménez Otero cumplió exitosamente con todas las condiciones rehabilitadoras establecidas en el programa de desvío, el Tribunal de Primera Instancia dictó sentencia exculpatoria en la que ordenó el archivo y sobreseimiento de los cargos imputados en su contra al amparo de las referidas disposiciones. Dicha exoneración contó con el aval del Ministerio Público y del Oficial Sociopenal que supervisó el tratamiento y la rehabilitación del señor Jiménez Otero.

En el ínterin, Ford Motor Credit, Puerto Rican American Insurance Co. y el señor Jiménez Otero presentaron oportunamente dos demandas separadas impugnando la confiscación del mencionado vehículo. Luego de varios trámites procesales y del archivo y sobreseimiento de los cargos criminales en virtud de la Regla 247.1 de

Procedimiento Criminal, *supra*, y del Artículo 404 (b) de la Ley de Sustancias Controladas, *supra*, el Tribunal de Primera Instancia declaró Con Lugar la demanda de impugnación de confiscación del vehículo Ford Explorer. Concluyó que el archivo y sobreseimiento de la acusación criminal en contra del señor Jiménez Otero impide que el tribunal pase juicio sobre la alegada actividad ilícita cometida mediante el uso del referido vehículo, al constituir tal archivo y sobreseimiento un impedimento colateral por sentencia. Por tanto, ordenó al Estado entregar el vehículo a los demandantes y, de no estar disponible, su valor de tasación.

Inconforme, el Procurador General acudió al Tribunal de Apelaciones, el cual confirmó la sentencia dictada por el foro de instancia. Dicho foro apelativo concluyó que la aprobación de la Ley Uniforme de Confiscaciones tuvo el propósito de convertir el proceso civil de la confiscación en una extensión de la pena criminal por el delito cometido, por lo que sería antagónico permitir la confiscación en el presente caso si el mismo Estado exoneró al señor Jiménez Otero de los cargos criminales.

Aún insatisfecho, el Procurador General acude ante nos y arguye que el archivo de la acción criminal que motivó la confiscación del vehículo no constituye una absolución en los méritos que conlleve la aplicación de la doctrina de cosa juzgada en el procedimiento civil, tal como resolvieron los foros recurridos. Indica que el archivo de

la acusación no tuvo el efecto de probar que el vehículo confiscado no fue utilizado en la comisión de un delito. De hecho, aduce que el señor Jiménez Otero tiene el peso de establecer que no existe un nexo entre la propiedad confiscada y la acción delictiva, lo que está impedido de establecer en vista de que hizo alegación de culpabilidad por los hechos imputados.

Con el beneficio de la comparecencia de las partes, procedemos a examinar detenidamente la controversia ante nos.

## II

### A

Sabido es que la confiscación es el acto de ocupación que lleva a cabo el Estado de todo derecho de propiedad sobre cualquier bien que haya sido utilizado en relación con la comisión de ciertos delitos. Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723. Recientemente en Centeno Rodríguez v. ELA, res. 3 de mayo de 2007, 2007 TSPR 81, expresamos que **el propósito de la confiscación es punitivo**, pues tiene la intención de evitar que el vehículo o la propiedad confiscada puedan volverse a utilizar para fines ilícitos y también **sirve de castigo** para disuadir los actos criminales.

A pesar de ello, conviene recordar que el procedimiento de confiscación es de carácter civil y constituye una acción independiente del resultado de la acción penal que el Estado puede entablar por el mismo

delito contra un sospechoso en particular. Rodríguez Díaz v. ELA, res. 14 de julio de 2008, 2008 TSPR 120; Del Toro Lugo v. ELA, 136 D.P.R. 973, 982 (1994). Por tanto, la acción civil de confiscación procederá si existe prueba suficiente y preponderante de que se ha cometido un delito y un nexo entre la comisión del delito y la propiedad confiscada. Suárez v. ELA, 162 D.P.R. 43 (2004).

Ahora bien, este Tribunal ha expresado que la absolución del acusado luego de ventilado el juicio en su fondo adjudica con finalidad irrevisable el hecho central, tanto del caso criminal como el de confiscación, de que el objeto confiscado no se utilizó en la comisión del delito. Carlo del Toro v. Secretario de Justicia, 107 D.P.R. 356 (1978). En vista de esta normativa, hemos indicado que la doctrina de impedimento colateral por sentencia sólo surtirá efecto en los procedimientos civiles de confiscación cuando las determinaciones judiciales en el ámbito penal inevitablemente adjudiquen en sus méritos los hechos esenciales de la acción confiscatoria. Es decir, procede la doctrina de impedimento colateral en las siguientes instancias: la absolución en los méritos durante el juicio en su fondo; la exoneración del imputado al advenir final y firme la determinación de no causa probable para acusar; y la supresión de la única evidencia incriminatoria durante el procedimiento criminal. Suárez v. ELA, supra.

Si bien hemos reconocido que la doctrina de cosa juzgada exige que el fallo en el primer pleito haya sido en los méritos, también hemos expresado que existen ciertas circunstancias en que por disposición de ley, a pesar de que el tribunal no dilucida la controversia en su fondo, el fallo constituye una adjudicación en los méritos como, por ejemplo, en caso de una desestimación o desistimiento con perjuicio. Parrilla v. Hernández, res. 12 de noviembre de 2004, 2004 TSPR 173; Banco de la Vivienda de P.R. v. Carlo Ortiz, 130 D.P.R. 730 (1992); Pérez v. Bauzá, 83 D.P.R. 220, 225 (1961).

**B**

Por otro lado, la Sección 19 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico dispone que "será la política pública del Estado […] propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Const. ELA Art. VI, sec. 19, 1 L.P.R.A. De conformidad con dicho precepto, los mecanismos de desvío regulados por la Regla 247.1 de Procedimiento Criminal, *supra*, y el Artículo 404 (b) de la Ley de Sustancias Controladas, *supra*, fomentan la rehabilitación y el tratamiento de drogadictos. En gran medida, ambas disposiciones constituyen el esquema procesal del enfoque de salud pública y justicia terapéutica ante el problema de la drogadicción que impulsa la Rama Judicial en colaboración con varias agencias de la Rama Ejecutiva

mediante los mecanismos de desvío disponibles en nuestra jurisdicción.[1]

En lo pertinente al caso de autos, la Regla 247.1 de Procedimiento Criminal, *supra*, establece un procedimiento especial de desvío para la concesión de libertad a prueba **destinada a la rehabilitación y al tratamiento de personas adictas a sustancias controladas**. Pueblo v. Texidor Seda, 128 D.P.R. 578, 584 (1991). La referida regla **requiere que el acusado haga una alegación de culpabilidad**, a instancias del Estado, para que el tribunal acceda a que éste se someta al programa de tratamiento y rehabilitación antes de archivar y sobreseer el caso sin pronunciamiento de culpabilidad. 34 L.P.R.A. Ap. II R. 247.1.

El efecto de este trámite es suspender todo procedimiento y someter a la persona a un período de libertad a prueba durante el cual deberá cumplir con aquellos términos y condiciones requeridos por el tribunal. Luego de cumplir con dicho trámite exitosamente, **el acusado queda exonerado y el caso se archiva y sobresee sin declaración de culpabilidad por el tribunal**. Además, dicha disposición establece que **el récord del caso es de carácter**

---

[1] Dichos mecanismos de desvío incluyen el programa de supervisión del Departamento de Corrección y Rehabilitación bajo el Artículo 404 (b) de la Ley de Sustancias Controladas, el programa Treatment Alternative to Street Crime (TASC) bajo la referida Regla 247.1 administrado por la Administración de Servicios de Salud Mental y Contra la Adicción, y las Salas Especializadas en Sustancias Controladas administradas por la Rama Judicial. Véanse Departamento de Justicia, Puerto Rico Drug Court Program, Outcome Evaluation, Abril 2005; J. Pereyó Dueño, Crimen y rehabilitación: la experiencia de las Cortes de Drogas, 75 Rev. Jur. UPR 1455, 1480 (2006).

**confidencial, y que puede ser utilizado por los tribunales <u>exclusivamente</u> para determinar si en procesos penales subsiguientes la persona cualifica bajo la mencionada regla**. 34 L.P.R.A. Ap. II R. 247.1.

De hecho, la referida Regla 247.1 establece que **"la exoneración y sobreseimiento del caso no se considerará como una convicción a los fines de las descualificaciones [sic] o incapacidades impuestas por ley a los convictos por la comisión de algún delito"**. (Énfasis nuestro). Más aún, dicha regla dispone que las personas exoneradas bajo este procedimiento de rehabilitación tienen el derecho a que la Policía les devuelva cualquier récord de fotos o huellas digitales tomadas en relación al caso sobreseído. 34 L.P.R.A. Ap. II R. 247.1.

Cónsono con dicha normativa, la Ley de Sustancias Controladas permite a las personas que no han sido convictas anteriormente por delitos relacionados con sustancias controladas, y que son acusadas de posesión bajo el Artículo 404 de dicha ley, acogerse al privilegio de libertad a prueba. 24 L.P.R.A. sec. 2404. Del mismo modo que la Regla 247.1 de Procedimiento Criminal, *supra*, la libertad a prueba contemplada por el Artículo 404 (b) de la Ley de Sustancias Controladas dispone que el tribunal no hará pronunciamiento de culpabilidad cuando el acusado se somete a un programa de desvío cuyo fin es la rehabilitación y el tratamiento de la persona con problemas de adicción a sustancias controladas. 24 L.P.R.A. 2404 (b)

(1). Si la persona cumple con las condiciones impuestas, el tribunal puede exonerarla y sobreseer el caso en su contra. *Id.*

Al igual que la referida Regla 247.1 de Procedimiento Criminal, dicha exoneración se lleva a cabo sin una declaración de culpabilidad por parte del tribunal, pero éste conservará el expediente de manera confidencial **a los fines exclusivos** de ser utilizado por los tribunales para determinar si en procesos subsiguientes la persona califica bajo el referido inciso. 24 L.P.R.A. sec. 2404 (b) (1). En vista de ello, este Tribunal ha reconocido que la **intención de la Asamblea Legislativa al diseñar el mecanismo de desvío del Artículo 404 (b) de la Ley de Sustancias Controladas fue uno eminentemente rehabilitador**. Pueblo v. Martínez Lugo, 150 D.P.R. 238 (2000).

Estos programas de desvío van dirigidos a atender el delicado problema de la adicción a drogas en nuestro país, que de manera incesante continúa tocando las puertas de miles de hogares puertorriqueños. Se basan en la prestación de servicios de rehabilitación y en la supervisión judicial intensiva a imputados de delito con problemas de drogadicción. El propósito principal de este esfuerzo no es otro que facilitar la rehabilitación de esta población, evitar la reincidencia y lograr su eventual reinserción en la sociedad. Véase *Informe Anual de la Rama Judicial de Puerto Rico, 2005-2006,* pág. 21.

En armonía con tales fines, los objetivos de las Salas Especializas en Sustancias Controladas y de los programas de desvío y rehabilitación al amparo de la referida legislación se fundamentan en el principio de justicia terapéutica y se caracterizan por la identificación temprana de los acusados elegibles; el referido de éstos a servicios y tratamientos médicos y sociales; y la supervisión judicial intensiva y coordinada.[2] Esto último se realiza a través de visitas de seguimiento periódicas y de la aplicación gradual de incentivos o sanciones, basados en informes recibidos sobre el cumplimiento del imputado con las condiciones de su probatoria y el resultado de las pruebas toxicológicas. *Id.* Asimismo, este enfoque también forma parte de los imperativos estratégicos que se recogen en el Plan Estratégico de la Rama Judicial de Puerto Rico 2007-2011, conforme al cual la Rama Judicial debe ser sensible a las realidades sociales de Puerto Rico y debe promover estrategias que atiendan los problemas de mayor impacto para los ciudadanos.

Con este marco normativo en mente, procedemos a considerar los méritos de la controversia ante nos.

---

[2] A modo ilustrativo, cabe señalar que desde el establecimiento del Programa de las Salas Especializadas en Sustancias Controladas en el año 1997, se han rehabilitado alrededor de 4,000 personas. Las estadísticas comprueban la efectividad de este programa, pues el índice de reincidencia de los participantes de dicho mecanismo de desvío es de sólo 4%, mientras que la proporción global de ex-confinados que reinciden en delitos es de 62%. Véase Informe Anual de la Rama Judicial, *supra.*

### III

En esencia, nos corresponde determinar si el archivo y sobreseimiento de una acusación criminal –producto de una declaración de culpabilidad que se realizó con el propósito de someterse a un programa de desvío y rehabilitación conforme a la Regla 247.1 de Procedimiento Criminal y al Artículo 404 (b) de la Ley de Sustancias Controladas– constituye cosa juzgada en su modalidad de impedimento colateral por sentencia en una acción de impugnación de confiscación de un vehículo. Somos del criterio que dicha controversia se debe examinar desde la óptica de varios fines legislativos en tensión: Mientras que el propósito de la Ley Uniforme de Confiscaciones es claramente **punitivo**, no hay duda que el fin perseguido por el procedimiento establecido por la Regla 247.1 de Procedimiento Criminal y el Artículo 404 de la Ley de Sustancias Controladas es **la rehabilitación y el tratamiento** de un primer ofensor mediante un programa de desvío, cuyo cumplimiento exitoso resulta en su exoneración y en el sobreseimiento de las acusaciones en su contra.

Ciertamente, el señor Jiménez Otero se declaró culpable por violación al Artículo 404 de la Ley de Sustancias Controladas. Por tanto, existe prueba preponderante y suficiente de que se ha cometido un delito y hay un nexo entre el delito cometido y la propiedad confiscada. No obstante, hay que tomar en consideración que el señor Jiménez Otero hizo dicha alegación de culpabilidad

con el fin único de beneficiarse de un programa de desvío, cuyo propósito es la rehabilitación y el tratamiento del individuo. El Estado **incentiva dicha declaración de culpabilidad**, pues busca la rehabilitación y la readaptación social de las personas con problemas de adicción. Es por ello que el Ministerio Público le ofreció al señor Jiménez Otero su exoneración total de los delitos imputados si se declaraba culpable y cumplía cabalmente con las condiciones del programa de desvío de conformidad con el Artículo 404 (b) de la Ley de Sustancias Controladas, *supra*.[3]

Más aún, tanto la Ley de Sustancias Controladas como la Regla 247.1 de Procedimiento Criminal enfatizan que dicha exoneración **no se puede considerar como una convicción** para los fines de incapacidades impuestas por ley a los convictos por la comisión de algún delito. De hecho, la referida legislación establece que el expediente

---

[3] Nótese, además, que el programa de desvío y rehabilitación contemplado por la Ley de Sustancias Controladas sólo está disponible para las personas acusadas del delito de posesión que tipifica el Artículo 404 (a) y no para los acusados de distribución, producción o transportación de sustancias controladas bajo las otras disposiciones de la referida ley. 24 L.P.R.A. 2404. Tampoco cualifican las personas que hayan sido previamente convictas de violar dicha ley o cualquier ley de los Estados Unidos relacionada con el tráfico ilícito de sustancias controladas. En este caso, el señor Jiménez Otero fue acusado originalmente de posesión bajo el Artículo 404 de la Ley de Sustancias Controladas y no de distribución o producción de tales sustancias bajo el Artículo 401 de dicho estatuto. A su vez, éste no había sido convicto previamente de delito alguno relacionado al narcotráfico, por lo que no hay duda alguna de que cualificaba para ser exonerado si cumplía con las condiciones impuestas en el mencionado programa de desvío.

del caso —del cual la declaración de culpabilidad en el caso de autos forma parte— sólo puede ser utilizado por los tribunales para determinar si en procesos criminales ulteriores la persona califica para el mismo trámite rehabilitador bajo la Regla 247.1 de Procedimiento Criminal o el Artículo 404 (b) de la Ley de Sustancias Controladas. Por consiguiente, **la declaración de culpabilidad del señor Jiménez Otero no puede ser utilizada en su contra para justificar la acción civil de la confiscación de su vehículo**, pues tanto el Artículo 404 de la Ley de Sustancias Controladas como la Regla 247.1 de Procedimiento Criminal prohíben claramente el uso del expediente criminal para tales propósitos luego de que el imputado es exonerado a discreción del tribunal tras cumplir exitosamente con las condiciones del mecanismo de desvío.

En vista de que el fin del Programa de Desvío es rehabilitar al adicto, entendemos que una vez el señor Jiménez Otero cumplió con dicho programa, se rehabilitó y fue exonerado en los méritos de los cargos imputados. Por ende, somos del criterio que no debe prevalecer la confiscación de su propiedad, dado que la imposición de dicha medida punitiva tergiversaría los fines rehabilitadores y salubristas que fomenta el mecanismo diseñado por el legislador bajo la Regla 247.1 de Procedimiento Criminal, *supra*, y el Artículo 404 (b) de la Ley de Sustancias Controladas, *supra*. Este fin, como ya señalamos, también lo impulsa la Rama Judicial mediante el

programa de las Cortes de Drogas. Véase J. Pereyó Dueño, *supra*, págs. 1490-1503.

Resolver lo contrario produciría resultados inconsistentes entre el procedimiento criminal y la acción civil de confiscación. Si procediera la acción de confiscación luego de sobreseer y archivar el caso bajo el referido mecanismo establecido por la Regla 247.1 de Procedimiento Criminal y el Artículo 404 (b) de la Ley de Sustancias Controladas, el Estado estaría utilizando su poder punitivo para castigar a una persona por la comisión de un delito luego de haberla exonerado por someterse y cumplir exitosamente con un programa de rehabilitación y tratamiento fomentado por el propio Estado.

Por tanto, si se confiscara la propiedad de una persona exonerada bajo dichos mecanismos de desvío, estaríamos desincentivando la política pública que favorece que los adictos se rehabiliten e integren nuevamente a la sociedad. Ciertamente, la exoneración del señor Jiménez Otero descansó en la sana discreción del tribunal y respondió al hecho de que éste logró rehabilitarse. Además, en caso de que un acusado no cumpla con las condiciones del Programa de Desvío, resultaría en que éste no sería exonerado y en esas circunstancias procedería la acción de confiscación de la propiedad en controversia. Sin embargo, en este caso el señor Jiménez Otero fue exonerado tras cumplir cabalmente con los mencionados mecanismos de

rehabilitación y tratamiento, por lo que la confiscación de su vehículo no puede subsistir.

## IV

Por los fundamentos antes expuestos, concluimos que los foros recurridos actuaron correctamente al determinar que procede devolver el vehículo al señor Jiménez Otero, o en su defecto, el valor de tasación conforme a lo dispuesto por la Ley Uniforme de Confiscaciones, *supra*. En vista de ello, expedimos el auto y confirmamos la sentencia emitida por el Tribunal de Apelaciones.

Se dictará Sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ford Motor Credit, Puerto Rican  *
American Insurance, Co.           *
                                  *
   Recurrido                      *
                                  *
          v.                      *    CC-2007-1158
                                  *
Estado Libre Asociado de          *
Puerto Rico                       *
                                  *
   Peticionario                   *
*********************************
José Jiménez Otero                *    Certiorari
                                  *
   Recurrido                      *
                                  *
          v.                      *
                                  *
Estado Libre Asociado de          *
Puerto Rico                       *
                                  *
   Peticionario                   *
*********************************

SENTENCIA

San Juan, Puerto Rico, a 11 de agosto de 2008.

    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto y se confirma la sentencia emitida por el Tribunal de Apelaciones.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita.


                         Aida Ileana Oquendo Graulau
                         Secretaria del Tribunal Supremo