EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Víctor Manuel Díaz Morales Y Otros <br><br> Peticionarios <br><br> vs. <br><br> Departamento de Justicia Y otros <br><br> Recurridos | Certiorari <br><br> 2008 TSPR 175 <br><br> 175 DPR \_\_\_\_ |

Número del Caso: CC-2007-976

Fecha: 27 de octubre de 2008

Tribunal de Apelaciones:

      Región Judicial de San Juan

Jueza Ponente:

      Hon. Dolores Rodríguez de Oronoz

Abogado de la Parte Peticionaria:

      Lcdo. Francisco Rádinson Pérez

Oficina del Procurador General:

      Lcda. María Astrid Hernández Martín
      Procuradora General Auxiliar

Materia: Impugnación Confiscación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Víctor Manuel Díaz Morales
y Otros

   Peticionarios

    vs.                        CC-2007-976     *Certiorari*

Departamento de Justicia
y Otros

   Recurridos

PER CURIAM

San Juan, Puerto Rico, a 27 de octubre de 2008.

Mediante el presente recurso, debemos resolver si el Tribunal de Apelaciones erró al confirmar una determinación del Tribunal de Primera Instancia, Sala Superior de San Juan, que desestimó una demanda dirigida a impugnar la confiscación de un vehículo de motor. Por entender que dicho resultado no es compatible con los programas de desvío contemplados por la Ley de Menores, ni con lo resuelto recientemente en Ford Motor Credit, Jiménez Otero v. ELA, 2008 TSPR 137, res. 11 de agosto de 2008, revocamos la sentencia recurrida.

I.

Durante un patrullaje preventivo, agentes del Negociado de Drogas, Narcóticos y Control del Vicio

de la Policía de Puerto Rico, detuvieron a Víctor Manuel Díaz Maldonado (entonces menor de edad) mientras éste conducía un automóvil marca Toyota por la Carretera 21 del área de Río Piedras. A raíz de dicha intervención, se le ocupó marihuana a un adulto que en ese momento acompañaba a Díaz Maldonado como pasajero y, a base de ello, se presentó una querella en contra del menor por una falta al Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, el cual prohíbe la posesión de drogas en los casos en que no esté presente la intención de distribuir o traficar con éstas. 24 L.P.R.A. sec. 2404.[1]

En cuanto a dicha querella, surge del expediente ante nuestra consideración que el menor Díaz Maldonado fue procesado únicamente bajo el Art. 404 antes citado. No hay indicio alguno que apunte a una vinculación suya con el trasiego de drogas ilegales o con su manufactura, pues no se le procesó bajo los artículos que penalizan la distribución, producción o transportación de sustancias controladas. E.g., 24 L.P.R.A. secs. 2401, 2402, 2403.

Por su parte, el Departamento de Justicia le notificó a las partes concernidas que había procedido a confiscar el automóvil antes mencionado y que el mismo tasó $16,000. Tras recibir esta notificación, el señor Víctor Manuel Díaz Morales y la señora Aminta Maldonado Rodríguez, por sí y en

---

[1] El Estado también presentó una denuncia por los mismos hechos en contra del acompañante de Díaz Maldonado. No obstante, del expediente se desprende que la misma fue archivada por la violación del término pautado en la Regla 64(n)(6) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, para la celebración de la vista preliminar.

representación de su hijo menor Víctor Manuel, así como Star Ready Mix, Inc. y Popular Leasing & Rental, Inc., presentaron ante el Tribunal de Primera Instancia, Sala Superior de San Juan, una demanda en contra del Departamento de Justicia y del Superintendente de la Policía de Puerto Rico para impugnar la referida confiscación.[2] Esencialmente, en dicha acción alegaron que la incautación del automóvil era ilegal.

Mientras tanto, con relación a los hechos imputados en contra del menor Díaz Maldonado, tanto éste como sus padres suscribieron un Contrato de Desvío con el Procurador de Menores. En dicho convenio las partes se comprometieron a que el menor ingresaría a un programa de tratamiento y rehabilitación dirigido a atender los diversos factores relacionados a su conducta, así como aquellas necesidades de índole social y psicológica que se identificaran en la evaluación correspondiente.

A su vez, para constatar su cumplimiento con las condiciones del programa, el menor Díaz Maldonado se comprometió a realizarse todas las pruebas para la detección de sustancias controladas que a esos efectos fueren necesarias. A cambio, **se estipuló en el Contrato de Desvío que la aceptación voluntaria de sus términos no podría considerarse como una admisión de los hechos que motivaron el mismo.**

---

[2] El auto confiscado, un Toyota Celica del año 2000, color gris, era propiedad de Popular Leasing, quien se lo arrendó a Star Ready Mix, Inc.

Posteriormente, tras cumplir con todas las condiciones del acuerdo antes mencionado, el Tribunal de Menores ordenó la culminación del desvío y el archivo definitivo de la querella instada en contra del menor Díaz Maldonado. A la luz de esto, así como del contrato aludido, los esposos Díaz Maldonado y demás demandantes presentaron una moción de sentencia sumaria en la cual argumentaron que procedía la devolución del vehículo confiscado, pues no se le podía imputar al menor Díaz Maldonado haber admitido los hechos delictivos que dieron lugar a la incautación. En este sentido, adujeron que el fundamento para sustentar dicha acción había desaparecido tras el archivo de la querella mencionada.

El Estado se opuso oportunamente a dicha solicitud de sentencia sumaria y presentó, a su vez, una moción para que se desestimara la demanda. Atendidas ambas peticiones, el Tribunal de Primera Instancia denegó las mismas por entender que existía una controversia real sobre hechos esenciales en el caso ante su consideración. A pesar de ello, y poco tiempo después, los demandantes presentaron una segunda moción de sentencia sumaria bajo los mismos fundamentos. El Estado también se opuso a dicha solicitud. Esta vez, sin embargo, el foro de instancia declaró con lugar la misma y ordenó la devolución del automóvil, por juzgar que el cumplimiento satisfactorio del menor con el programa de desvío impedía vincular el vehículo confiscado a la comisión de un acto delictivo.

Luego de varios incidentes procesales --incluido un dictamen interlocutorio del Tribunal de Apelaciones que revocó la sentencia emitida por el foro de instancia y ordenó la celebración de una vista en su fondo--, las partes presentaron sus respectivos argumentos y la prueba relacionada a la controversia central del caso. Sometida la misma ante la consideración del Tribunal de Primera Instancia, dicho foro declaró sin lugar la demanda de impugnación de la confiscación, por entender que había prueba fehaciente de que el auto incautado fue utilizado en la comisión de un delito.

Los demandantes recurrieron oportunamente ante el Tribunal de Apelaciones y reprodujeron los argumentos presentados ante el foro de instancia. Por su parte, el Procurador General --en representación del Estado-- argumentó que el hecho de que se hubiese suscrito un contrato de desvío en torno a la falta imputada, y que como resultado de ello se haya archivado el caso, no constituye una absolución en los méritos. Por consiguiente, alegó que ello no invalidaba la confiscación del vehículo de motor en controversia. Por el contrario, el Procurador adujo que para acogerse a los beneficios de un programa de desvío hay que hacer una alegación de "culpabilidad". Ese acto, a su entender, constituye una adjudicación en los méritos de la querella presentada en contra del menor Díaz Maldonado. Por último, expresó que la vinculación del automóvil con la falta imputada había sido probada categóricamente.

El Tribunal de Apelaciones dictó una sentencia mediante la cual declaró sin lugar la apelación presentada por los esposos Díaz Maldonado, pues consideró que se había presentado prueba suficiente sobre la vinculación del automóvil con la comisión de un delito. Además, señaló que otro panel de dicho foro apelativo ya había resuelto --de manera desfavorable a la posición del menor-- el planteamiento relativo al efecto del contrato de desvío sobre el proceso de confiscación en controversia.

De dicho dictamen recurren ante nos los esposos Díaz Maldonado y demás demandantes. Argumentan, en síntesis, que el proceso de desvío del cual se benefició satisfactoriamente el menor Díaz Maldonado tiene el efecto de una absolución en los méritos, tras producirse el archivo definitivo de la querella presentada. De igual forma, alegan que lo contrario implicaría avalar una conducta contradictoria por parte del propio Estado, ya que fue el Procurador de Menores --un funcionario gubernamental-- quien recomendó la participación del menor Díaz Maldonado en el programa de desvío aludido y quien, posteriormente, solicitó el archivo de la querella presentada ante el Tribunal de Menores. El Estado, por su parte, reitera los planteamientos esbozados ante el Tribunal de Apelaciones y alega, además, que la teoría propuesta por los esposos Díaz Maldonado implicaría darles una inmunidad frente a los procesos de confiscación, aun cuando ello no fue previsto por el Legislador.

Examinada la petición, acordamos expedir. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II.

En Ford Motor Credit, Jímenez Otero v. ELA, *supra*, resolvimos recientemente que el archivo de una causa penal, al amparo de los procedimientos de desvío regulados por la Regla 247.1 de Procedimiento Criminal y el Art. 404 de la Ley de Sustancias Controladas, constituye un impedimento colateral por sentencia respecto a la acción de impugnación de una confiscación. En este sentido, concluimos que la declaración de culpabilidad hecha por un imputado a los fines de acogerse a los beneficios del desvío autorizado por las disposiciones citadas **no representa una admisión de los hechos imputados. Por ende, el Estado no podía utilizar dicha declaración para probar que el vehículo confiscado en aquel caso había estado vinculado a un acto delictivo.**

En síntesis, nuestra determinación en dicho caso estuvo basada en el hecho de que es el propio Estado quien incentiva la participación del imputado en los referidos programas de desvío, pues busca la rehabilitación y la readaptación social de las personas con problemas de adicción. Se trata, fundamentalmente, de una alternativa que tiene el Estado para atender los casos de personas que **no están vinculadas con el tráfico de drogas a manera de distribuidores, pero que ciertamente sufren de problemas de drogodependencia y requieren ayuda.** Una vez se cumple con los requisitos del programa de desvío, el imputado es

exonerado. En virtud de ello, resolvimos que una vez se archiva la denuncia según los términos del referido programa, se adjudica de forma favorable al acusado y se dispone con finalidad del hecho central del cual depende la confiscación: la comisión de un acto delictivo.

Del mismo modo, expresamos que resolver de otra forma produciría resultados inconsistentes entre el procedimiento criminal y la acción civil de confiscación. Así, pues, si procediera la acción de confiscación luego de producirse el archivo del caso bajo los mecanismos de desvío aludidos, el Estado estaría utilizando su poder punitivo para castigar a una persona por la comisión de un delito, aun cuando la había exonerado anteriormente en virtud de su cumplimiento con el tratamiento al cual fue referido por el propio gobierno. Ante tales circunstancias, determinamos que era indispensable para el logro efectivo de la finalidad de los programas de desvío y rehabilitación que no se castigara mediante la confiscación a una persona que ya había sido exonerada de los cargos criminales presentados en su contra.

En lo pertinente al presente caso, **existen mecanismos muy similares a los contemplados por el Art. 404 de la Ley de Sustancias Controladas**, *supra*, **y la Regla 247.1 de Procedimiento Criminal**, *supra*, **en el contexto de menores.** Como se sabe, el Legislador aprobó la Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986, 34 L.P.R.A. sec. 2201 *et seq.*, con el fin de establecer un régimen especial dirigido a reglamentar los procedimientos investigativos, judiciales y ejecutivos en los casos en que

menores de edad incurren en conducta constitutiva de delito. D. Nevares Muñiz, Derecho de Menores, 2005, 5ta. ed., Inst. Des. Derecho, San Juan, pág. 4.

En esencia, la Ley de Menores tiene tres fines principales, a saber: (1) proveer para el cuidado, protección, desarrollo y rehabilitación de los menores, a la vez que se protege el bienestar de la comunidad; (2) proteger el interés público, al tratar a los menores como personas necesitadas de supervisión, cuidado y tratamiento, pero exigiéndoles también responsabilidad por sus actos; y (3) garantizarle a los menores un trato justo, así como el debido proceso de ley y el reconocimiento claro de sus derechos constitucionales. 34 L.P.R.A. sec. 2202. **Precisamente, a la luz de los fines antes mencionados, la Ley de Menores provee un mecanismo de desvío a través del cual se suspende el procedimiento judicial en interés del menor y, en su lugar, se le refiere a una agencia, institución u organismo para que reciba aquellos servicios de tratamiento o rehabilitación que el tribunal estime necesarios.** 34 L.P.R.A. sec. 2203(g).

En esa dirección, luego de tomarse en consideración el informe social preparado por el Especialista en Relaciones de Familia a cargo del caso, el tribunal puede ordenar que se suscriba un acuerdo entre el menor, sus padres o encargados, la agencia o entidad privada designada para proveer los servicios correspondientes, y el Procurador de Menores. En dicho convenio se fijan los objetivos específicos de tratamiento y rehabilitación, así como las

condiciones que debe cumplir el menor bajo el programa de desvío. Todos los documentos sobre el desvío pasan a formar parte del expediente confidencial del menor. Si al concluir el término de duración del desvío el menor ha cumplido con el acuerdo antes mencionado, el Procurador solicitará el archivo definitivo de la querella instada en su contra. De lo contrario, solicitará la reactivación del procedimiento judicial. Véanse 34 L.P.R.A. sec. 2221; Reglas 5.1 a 5.3 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A.

A su vez, de acuerdo con la naturaleza sui géneris de los procedimientos de menores, las órdenes o resoluciones del juez a cargo de este tipo de programas de desvío **no pueden considerarse como de índole criminal. Tampoco puede derivarse de éstas la conclusión de que el menor ha sido "convicto" en el sentido usual de la palabra.** De hecho, así ocurre en todos los procesos en contra de menores, en donde los delitos son denominados como faltas, el juicio se denomina vista adjudicativa y la sentencia, medida dispositiva. Véase Art. 37(a) de la Ley de Menores, 34 L.P.R.A. sec. 2237; véanse, además, Pueblo en interés J.M.R., 147 D.P.R. 65, 72 (1998); Nevares Muñiz, *supra*, pág. 12.

### III.

En el caso de autos, el menor Díaz Maldonado fue aprehendido debido a una alegada infracción del Art. 404 de la Ley de Sustancias Controladas de Puerto Rico; disposición legal que prohíbe la posesión de sustancias controladas **sin la intención de distribuir o traficar las mismas.** Debido a

su minoridad, el Tribunal de Menores asumió jurisdicción sobre el asunto y, previo a las consultas de rigor, **acogió la recomendación del Procurador de Menores para que el menor Díaz Maldonado fuese referido a un Programa de Desvío**. Tanto el menor y sus padres, como el Procurador de Menores y el proveedor de servicios, suscribieron un acuerdo a esos efectos.

De conformidad con la propia Ley de Menores, el menor Díaz Maldonado cualificaba claramente para beneficiarse del programa de desvío al cual fue referido. Al igual que ocurre con los programas de desvío en el contexto de los adultos, el procedimiento de desvío contemplado por la Ley de Menores **sólo está disponible** para los jóvenes procesados por faltas Clase I (equivalente a un delito menos grave) o Clase II (equivalente a un delito grave), si se trata de la primera falta. Por definición, ello **excluye las faltas relacionadas a la distribución de sustancias controladas**, ya que éstas se han designado como de Clase III.

Por otra parte, y como señalamos anteriormente, el menor Díaz Maldonado *cumplió cabalmente* con todas las condiciones del referido programa de desvío. Por tal razón, **de acuerdo con la recomendación del Procurador de Menores**, el tribunal ordenó el archivo definitivo de la querella instada en su contra. Además, en el contrato de desvío suscrito por las partes, se especificó claramente que "[e]l Procurador reconoce que la acepción voluntaria de las condiciones de este contrato por parte del menor, de ningún modo se considerará como admisión de los hechos".

Conforme a lo anterior, no cabe duda de que en este caso la confiscación del vehículo de motor en controversia no puede subsistir. Se trata, pues, de unas circunstancias análogas a las que enfrentamos en Ford Motor Credit, Jiménez Otero v. ELA, *supra*. En el caso ante nos, tanto la naturaleza misma de los procedimientos de menores, como el contrato de desvío suscrito por el menor, sus padres y el Procurador de Menores, disponen claramente que de éstos no se podrá derivar una conclusión de que el menor ha sido "convicto" por la comisión de un acto criminal. De hecho, a tales efectos, la propia Ley de Menores prohíbe el uso de la evidencia utilizada en el procesamiento de la falta imputada, en otros procedimientos judiciales de tipo civil o criminal. 34 L.P.R.A. sec. 2209. Simplemente, los propósitos de rehabilitación y reintegración consignados en dicha ley así lo exigen. Por ende, procede revocar la Sentencia dictada por el Tribunal de Apelaciones en este caso.

IV.

Por los fundamentos antes expuestos, se revoca la Sentencia dictada por el Tribunal de Apelaciones. En su lugar, se ordena la devolución del vehículo confiscado, o en su defecto, el pago de su valor de tasación según lo dispuesto por la Ley Uniforme de Confiscaciones.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Víctor Manuel Díaz Morales
y Otros

   Peticionarios

     vs.                CC-2007-976     *Certiorari*

Departamento de Justicia
y Otros

   Recurridos

SENTENCIA

San Juan, Puerto Rico, a 27 de octubre de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la Sentencia dictada por el Tribunal de Apelaciones. En su lugar, se ordena la devolución del vehículo confiscado, o en su defecto, el pago de su valor de tasación según lo dispuesto por la Ley Uniforme de Confiscaciones.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo